## J. THADDEUS ROSPOND, PLAINTIFF-APPELLANT, v. WILLIAM D. DECKER, DEFENDANT-RESPONDENT.

Submitted May 27, 1932—Decided October 17, 1932.

For the plaintiff-appellant, *Charles S. Smith.*

For the defendant-respondent, *Kanter & Kanter* (*Elias A. Kanter,* of counsel).

The opinion of the court was delivered by

CASE, J.   This is an appeal by the plaintiff from a judgment of the Essex County Circuit Court entered in favor of the defendant, notwithstanding the verdict of the jury had been rendered in favor of the plaintiff.

The self-styled "rule for judgment" is really not that but is a disposition of a reserved point.   It recites that before submission of the cause to the jury the defendant moved the direction of a verdict in his favor and that the court reserved the disposition of the motion.   The directing portion of the rule follows:

"It is thereupon, on this 22d day of January, A. D. 1931, ordered that the motion to direct a verdict in favor of the

defendant so reserved, be granted, notwithstanding the verdict of the jury, and that the verdict by direction of the court be, and hereby is, entered in favor of the defendant, William D. Decker, and against the plaintiff, J. Thaddeus Rospond, with costs to be taxed in favor of the said defendant, and against the said plaintiff."

The rule is a direction of verdict by the court and not a rule for judgment *non obstante veredicto,* in the technical common law use of that term.

The rule was issued by the court after the jury, conformably to the latitude allowed it in the charge, had rendered a verdict in favor of the plaintiff and had, presumably, been dismissed. The situation arose in this wise: At the close of the testimony defendant, specifying five grounds, moved for a directed jury verdict. The court at once denied the motion except as to the fifth ground which was taken under advisement. The court proceeded to charge the jury and, *inter alia,* instructed the jury to determine as a factual question whether the plaintiff or his predecessor in title had exercised due diligence in holding to liability the endorsers of a promissory note; and the negative of this proposition was the content of the fifth ground. The jury retired, deliberated and, after court adjournment but in apparent accord with section 160 of the Practice act (3 *Comp. Stat., p.* 4103), returned a verdict for the plaintiff. The jury seems then to have been discharged as it appears no further in the case. The next day the court, in the presence of counsel, referred to the reserved motion. Counsel for the defendant moved "that a verdict be entered in favor of the defendant *non obstante veredicto."* Counsel for plaintiff moved that the verdict be entered in favor of the plaintiff and agreed that argument be deferred to a later day. However, we do not find in this agreement to postpone the argument a waiver of right to except to the court's ruling, quoted above, which was made, after argument, a week later. Exception was duly taken.

Under the circumstances, a judgment *non obstante veredicto,* properly so termed, could not have been granted. At

common law a judgment *non obstante veredicto* was a species of judgment on the pleadings. It was awarded only to the plaintiff and only on the pleadings. Except where change has come by reason of statute or decisions, the same practice prevails; and there has been no change in this state. Relief for the defendant in like situation was by motion to arrest judgment on the verdict. *Slocum* v. *New York Insurance Co.,* 228 *U. S. Sup. Ct.* 364; 57 *Law Ed.* 879; 33 *C. J.* 1178, § 112; 15 *R. C. L.* 606, § 45. The procedure for arresting judgment may be invoked only where some matter intrinsic in the record and not *aliunde* the record would render judgment on the verdict clearly erroneous and reversible. *De-Mateo* v. *Perano,* 80 *N. J. L.* 437; *Hubbard* v. *Montross Shingle Co.,* 79 *Id.* 208. Likewise, within its more limited scope, with the judgment *non obstante veredicto.* The last mentioned practice was invoked in *Attorney-General, ex rel. Dalenz* v. *Fitzsimmons,* 78 *Id.* 618. The question that disturbed the court in the instant case was the status of the evidence; and the evidence is not a part of the record (*Margolies* v. *Goldberg,* 101 *Id.* 75), and certainly not a part of the pleadings. The defendant endeavors, now, to sustain the ruling upon the theory that the complaint discloses that plaintiff is not a holder of the entire claim, of which the guarantee covers a part, and that, therefore, under *Otis* v. *Adams,* 56 *Id.* 38, the grantor is not suable. But the complaint does not so disclose. It carries neither allegation or justifiable inference that at the time the suit was commenced there was a debt other than that owing to the plaintiff.

Confusion in terms has come by the application in the decisions of the expression *non obstante veredicto* to the disposition, after verdict, of points reserved. We understand the ruling under review to be of the last named class. The court granted, after verdict, a reserved motion for a directed jury verdict. In some jurisdictions, and under some circumstances, the court retains control of the jury action, either by way of taking a case from the jury or of directing a verdict, until—and occasionally after—the verdict has been rendered and accepted. But we need not determine to what

extent that practice holds with us, as it is not, in our opinion, appropriate to the existing circumstances.

The nearest approach that we find in the New Jersey decisions is the practice outlined and followed in *Hoyt* v. *Newbold*, 45 *N. J. L.* 219, and the same litigation under the additional title of *Hoyt* v. *Kearney Land Co.*, 7 *N. J. L. J.* 121. There Mr. Justice Knapp, trying a Supreme Court issue at Circuit, conceived that the questions raised were purely questions of law and, apparently with the acquiescence of counsel for both sides, directed a verdict for the plaintiff and granted a rule to show cause before the Supreme Court *en banc* why the verdict should not be set aside and a judgment entered for the defendant. The rule, on its return, was made absolute. Later the Supreme Court denied plaintiff's application to modify the rule into the granting of a new trial. But that was a method of review of judicial action, with the power, recognized in our appellate courts, not merely to affirm or to reverse but also to correct the error. The case is neither a precedent for the judicial action now under review, nor a variation of practice on judgment *non obstante veredicto, supra.*

We are cited to no distinction in legal effect between a verdict taken by the clerk under the statute and a verdict taken under the presidency of the judge. We consider it altogether illogical for the court to submit an issue to the jury and, after the jury has rendered its verdict and been dismissed from the case, to resort to the fiction of directing a jury that no longer exists to bring in a verdict opposite to that which it, while duly organized and acting in accordance with its instruction, had in fact returned. The case was in quite different posture from that of *Cook* v. *American Smelting and Refining Co.*, 99 *N. J. L.* 81.

Also, we think that the reserved motion was wrongly decided on its merits. It was based on, and assumed, a failure by the plaintiff to prosecute diligently against Louis Kotler, endorser of a promissory note which the court held should have been collected, if collectible, before recourse to the defendant on the guarantee sued upon. The last mentioned instrument reads:

"I the undersigned do hereby guarantee the collection of a payment of $4,000 specified in the contract made between Mapes Construction Co. of Newark, N. J., and V. W. Rospond & Co. of Newak, N. J.—relating to the heating work for the building on the northwest corner of Elizabeth Ave. and Mapes Ave., Newark, N. J.

Aug. 9, 1928.

Witnessed by                                              WM. D. DECKER.

V. W. ROSPOND."

V. W. Rospond & Company, a corporation, had the heating contract for a building in course of erection by the Mapes Construction Company and Decker's firm was furnishing mason materials for the entire job. The Rospond Company had not received its due payments, had quit work and refused to proceed unless the payments were made or secured. Decker was interested in having the work proceed. Plaintiff's evidence was that the guarantee was signed and delivered as a part of the consideration upon which the heating work was resumed; and while Decker denied the authenticity of his signature to the guarantee, that dispute was resolved against him by the jury. The heating contract was actually completed. The Rospond Company received in addition to the guarantee a promissory note of the Mapes Construction Company, already referred to, with personal endorsements by the officials of that company, in the amount of $4,500, representing the same due payments which, to the extent of $4,000, the Decker guarantee covered. Appellant contends, rightly, we think, that the Decker undertaking had relation to the collection of the due payment from the Mapes Construction Company under the heating contract and not to the collection of the note. There appears to be no ambiguity in the writing. If there were, the instrument would be construed most strongly against the guarantor. *Hoey* v. *Jarman,* 39 *N. J. L.* 523. Consequently, it is due diligence in the collection of the payment under the contract, and not in the collection of the note, that is involved. The Mapes Company went into the hands of a receiver. The entire claim was

proved against it by the Rospond Company and a prorated final dividend was paid. No complaint is made of diligence in the effort to collect under the contract. Not only the procedure, but the underlying theory upon which the question was disposed of seems to us to have been wrong.

The judgment below will be reversed, with costs to the appellant; and judgment will be entered for the plaintiff on the jury verdict inasmuch as the record shows that judgment should have been so given. *Garr* v. *Stokes,* 16 *N. J. L.* 403; *Hoxsey* v. *Paterson,* 39 *Id.* 489; *Bente* v. *Bugbee,* 103 *Id.* 608; *Meeker* v. *East Orange,* 77 *Id.* 623 (at *p.* 639), and the cases there cited.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, VAN BUSKIRK, KAYS, DEAR, WELLS, KERNEY, JJ. 13.