TEXTILEATHER CORPORATION, PLAINTIFF-RESPONDENT, v. AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, DEFENDANT-APPELLANT.

Submitted February 17, 1933—Decided April 28, 1933.

For the plaintiff-respondent, *McDermott, Enright & Carpenter* (*James D. Carpenter, Jr.,* of counsel).

For the defendant-appellant, *McCarter & English.*

The opinion of the court was delivered by

CASE, J. This case follows in the train of *Textileather Corporation* v. *Great American, &c., Co. et al.,* 108 *N. J. L.* 121, and *Textileather Corp.* v. *Sun Indemnity Co. et al.,*

*Ibid.* 207. Those litigations terminated adversely to the present appellant who was one of the parties defendant therein.

The present action is to recover counsel fees and minor disbursements paid out by the plaintiff in the course of the earlier suits. Defendant answered, setting up amongst the defenses that it was not liable under the allegations of the complaint and reserving the point of law that the complaint was insufficient in that it did not state a cause of action under defendant's contract of insurance or otherwise. There was a motion to strike the answer and a counter-motion to strike the complaint. The first motion was granted, the second was denied and judgment final was entered against defendant. The appeal goes to the denial of defendant's motion to strike the complaint as well as to the striking of the answer and the awarding of judgment final.

In brief review of the preliminary facts it may be said that two of plaintiff's employes, Iannazzo and Mooney, died of chronic benzol poisoning, a compensable disease under the Workmen's Compensation act. Defendant was plaintiff's liability insurance carrier at the time of the deaths, but during the preceding period of employment plaintiff had been consecutively insured by Great American Indemnity Company and Sun Indemnity Company. Actions were brought against plaintiff for the recovery of death compensation under the statute, and these actions were defended by the appellant company, which, however, declined to pay the amount of the compensation awarded, contending that the causative poisons had been absorbed in the course of the employment prior to appellant's coverage. On the determination by this court, in the cited decisions, that the time fixed for compensation for disability or death occurring by reason of occupational diseases is when incapacity or death occurs and not when the poison specified makes its first appearance, the appellant company at once assumed payment of the award made by the compensaton bureau. The sums sued for in the instant case are the amounts paid by plaintiff for counsel fees, and two items of $85.97 and $71.07, respectively, paid to the Great American

Indemnity Company for its taxed costs in the litigations against the three mentioned insurance companies that resulted in the fastening of liability upon the present appellant.

Plaintiff bases its right to recover upon the terms of defendant's policy. The only provisions in the policy that bear resemblance to such an obligation are the general provisions to pay plaintiff's workmen's compensation obligations; paragraph I (b): "To indemnify this employer against loss by reason of the liability imposed upon him by law for damages on account of such injuries to such of said employes as are legally employed * * *;" and paragraph IV: "To pay all costs taxed against this employer in any legal proceeding defended by the company, all interest accruing after entry of judgment and all expenses incurred by the company for investigation, negotiation or defense." The first two policy obligations to which we have referred convey no rights to the plaintiff applicable to the present controversy beyond those that would apply to any party to a breached contract. The word "company" as used in paragraph IV, *supra,* is defined by other portions of the policy to be the defendant insurance company; and that company has paid all costs taxed against the employer in the suits on behalf of the workmen, to which we think the paragraph relates, and has paid all expenses incurred by the insurance company for investigation, negotiation or defense. The phase "all expenses incurred by the company for investigation, negotiation or defense" cannot, under any reasonable interpretation of the policy, be construed to refer to expenses incurred by the insured in paying the items sued for.

The respondent cites no authorities to sustain its contention that it may hold the appellant to liability for these disbursements. We find no indemnification within the policy against such expenditures. The simple question, as we understand it, is whether a party to a contract who has breached its obligation and has been held by the courts of law liable therefor may be held responsible to the successful party for that party's counsel fees and other disbursements outside taxable costs. Respondent's contention and the method by which it seeks

recovery are broad and far-reaching. For if it may recover for disbursements of this nature, then it would seem that any person wronged by the breach of a contract would have like right. And if the respondent should be held to be entitled to recover in the instant suit, then it would seem that it could later recover for counsel fees and outside disbursements made in the present litigation, and so on without end; for all such disbursements would relate back to the original cause, namely, the failure of the appellant to meet its obligations under the insurance contract.

It was said by Mr. Justice Grier in *Day* v. *Woodworth et al.,* 13 *How.* 363:

"This doctrine about the right of the jury to include in their verdict, in certain cases, a sum sufficient to indemnify the plaintiff for counsel fees and other real or supposed expenses over and above taxed costs, seems to have been borrowed from the civil law and the practice of the courts of admiralty. At first, by the common law, no costs were awarded to either paty, *eo nomine.* If the plaintiff failed to recover he was amerced *pro falso clamore.* If he recovered judgment, the defendant was *in misericordia* for his unjust detention of the plaintiff's debt, and was not therefore punished with the *expensa litis* under that title. But this being considered a great hardship, the statute of Gloucester (6 *Edw.* I, *ch.* 1) was passed, which gave costs in all cases when the plaintiff recovered damages. This was the origin of costs *de incremento;* for when the damages were found by the jury, the judges held themselves obliged to tax the moderate fees of counsel and attorneys that attended the cause. See *Bac. Abr., tit. "Costs."* Under the provisions of this statute every court of common law has an established system of costs, which are allowed to the successful party by way of amends for his expense and trouble in prosecuting his suit. It is true, no doubt, and is especially so in this country (where the legislatures of the different states have so much reduced attorneys' fee bills, and refused to allow the *honorarium* paid to the counsel to be exacted from the losing party), that the legal taxed costs are far below the real expenses incurred by the litigant; yet it is all the law allows as *expensa litis.*"

In *Henry* v. *Davis,* 123 *Mass.* 345, wherein the defendant having covenanted to abide by the award of arbitrators, breached that covenant and brought a bill in equity to set aside the award, which litigation was determined against him. Henry thereafter sued for his expenses incurred in defending the suit in equity. It was held:

"The theory of the law is that the taxable costs awarded to the prevailing party in a suit furnish a full indemnity to him for all his expenses incurred in the suit. Therefore a defendant, who successfully defends a suit brought against him, has no right of action or claim beyond the amount of the taxable costs against the plaintiff therein. It follows that the plaintiff in the case at bar has no claim against the defendant for the expenses he seeks to recover, which he can enforce, either directly by a suit, or indirectly as damages for a breach of his bond."

Again in *Reggio* v. *Braggiotti,* 7 *Cush.* 166, it is said that "the counsel fees cannot be allowed. These are expenses incurred by the party for his own satisfaction, and they vary so much with the character and distinction of the counsel, that it would be dangerous to permit him to impose such a charge upon an opponent; and the law measures the expenses incurred in the management of a suit by the taxable costs."

The general rule is stated, with citation of supporting authorities, in 17 *C. J.* 807, § 133, as follows:

"Apart from the sums allowable and taxed as costs, there can, as a general rule, be no recovery as damages of the costs and expenses of litigation, or expenditures for counsel fees."

In *Executors of William Holmes* v. *Devisees of John Sinnickson,* 15 *N. J. L.* 313, an action of covenant for breach of warranty of title to land, it was stated to be the uniform rule that allowance should be given for the consideration money with interest and costs and no more; that counsel fees beyond those taxed in the fee bill were not allowable. Quoting the language of the court: "Any counsel fees beyond those allowed in the fee bill, are no part of the legal cost, and are just as much out of the prescribed rule as buildings or improvements." Attorneys' fees can be recovered only when

authorized by contract or statute. *Union Indemnity Co.* v. *Vetter,* 40 *Fed. Rep.* (*2d*) 606 (*C. C. A. Fifth Circuit*).

We find no authorizing statute and none is brought to our attention.

When demand for payment was made upon defendant, defendant's president wrote a letter saying, "we are ready to pay the amounts due, but before doing so, will you please send us itemized bills." Respondent's brief mentions that as a fact, but bases no argument thereon; and we attribute no legal effect thereto. There was no consideration to give contractual force; and there were no "amounts due."

Our conclusion is that the successful party to an action at law is not entitled to visit upon the defeated party the costs and expenses of the litigation except as the defeated party is bound by his contract or as the statutes of the state provide. Finding that there is no pertinent provision in the contract and that there is no authorizing statute, we conclude that the plaintiff is not entitled to recover the amount sued for, that the answer was improperly struck, that the judgment as upon a default was improperly entered and that the defendant's motion for the striking of the complaint should have been granted.

The judgment below will be reversed. The complaint will be struck, inasmuch as the record shows that it should have been struck (*Rospond* v. *Decker,* 109 *N. J. L.* 458; 162 *Atl. Rep.* 725); costs to the appellant.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ.  15.