FREDERICK H. VERHAGEN, PLAINTIFF–RESPONDENT, **v.** WALTER S. PLATT AND GLADYS PLATT, DEFENDANTS–APPELLANTS.

Argued October 18, 1948—Decided November 8, 1948.

86

*Mr. James M. Muth* argued the cause for defendants-appellants (*Messrs. Weber & Muth,* attorneys).

*Mr. Arthur J. O'Dea* argued the cause for plaintiff-respondent.

The opinion of the court was delivered by

BURLING, J.   This is an appeal from the judgment of the former Bergen County Circuit Court in favor of the plaintiff in the amount of $1850.39 plus costs.

The case was tried without a jury by Circuit Court Judge J. Wallace Leyden, upon an agreed statement of facts stipulated by and between the parties and found accordingly by the Court.   Insofar as they are pertinent to this appeal they are as follows:

On December 31, 1940, the parties entered into an agreement in writing pursuant to which all stock owned by the defendants in Walter S. Platt, Inc., a New Jersey corporation, and all right, title, interest and good will in that corporation, together with all the assets and good will of a business owned by the defendants under the trade name of Suburban Fuel Oil Co., with the exception of certain specified accounts receivable and judgments, were sold and transferred to the plaintiff.

The agreement in question contained the following clause:

"5. The Sellers agree individually and as stockholders of the Corporation to pay all outstanding accounts or bills payable against the corporation *accuring* up to December 31, 1940, within one month from the date of the execution of this agreement, except those in dispute which are hereto set up and called to the attention of the Purchaser. (See affidavit attached.)"

On April 18, 1945, the Collector of Internal Revenue asserted a claim against Walter S. Platt, Inc., for Federal income and excess profit tax for the years 1938 to 1940 inclusive. This claim was in the amount of $2411.75. Plaintiff engaged counsel and an accountant and appealed the assessment to the Tax Court of the United States. Before the case was heard, the matter was compromised between the plaintiff and the Collector in the amount of $1094.48 which amount was then assessed against the corporation and paid by the plaintiff. In so doing the plaintiff incurred an expense in the amount of $500 representing the fees of his counsel and of his accountant. The defendants had notice of the claim by the Collector but took no part in the negotiations with the Internal Revenue Bureau or in the proceedings and refused a demand by plaintiff that they pay him the amount claimed or any part of it.

Based upon these facts, the trial court found for the plaintiff and judgment was entered in the amount of $1850.39, which included the sum of $1094.48 for which the claim in question was settled, together with $500 for the said attorney's and accountant's fees, which costs were found by the trial court to be reasonable, and interest in the amount of $255.91. From this judgment the defendant prosecuted this appeal.

The main dispositive question concerns the interpretation of the quoted clause in the contract.

The function of the Court is to ascertain and give effect to the intention of the parties as of the time the contract was made. *Corn Exchange Bank v. Taubel,* 113 *N. J. L.* 605 *(at p.* 608) *(E. & A.* 1934); *Basic Iron Ore Co. v. Dahlke,* 103 *N. J. L.* 635 *(at p.* 638) *(E. & A.* 1927); *Clott v. Prudential Insurance Company of America,* 114 *N. J. L.* 18 *(at p.* 21) *(Sup. Ct.* 1934); *Steelman v. Camden Trust Co.,* 22 *N. J. Misc.* 384 *(at p.* 386) *(Sup. Ct.* 1944).

Applying this principle to the instant case, the following observations are pertinent:

■ The contract of December 31, 1940 was not a contract between the corporation and the plaintiff, nor was the corporation a party to it. The contract was between a shareholder and prospective purchaser of shares and involved the transfer of stock of the corporation from the defendants to the plaintiff.

It appears from the record that the defendants were the sole owners of the corporation and that the undertaking by them to assume the corporate debts prior to the date of sale entered into the consideration of the contract and the contract ran, not to the corporation, but to the plaintiff. It therefore appears that the plaintiff is the proper party to bring this suit, despite the fact that the debts in question are those of the corporation.

It is logical to assume that, had the debts not been so undertaken by the defendants, the purchase price for the stock would have been less than that actually agreed upon as the value of the corporate stock would have diminished by the amount of the debts.

■ The tax assessment in question was levied against the corporation which has a separate entity and the corporation was primarily liable for the same both at the time the tax accrued and the time during which it was levied. It was a lien upon the property of the corporation and could have been enforced by the United States by distraint or by suit. 26 U. S. C. Sec. 3640, 3670, 3690. Moreover, it bore interest not from the date when the government made claim but from the date that it had accrued (26 U. S. C. Sec. 292, 294, 296) which date was prior to the date of sale in the contract. The interest under certain circumstances might have been increased by the imposition of additional penalties ranging from 5% to 50% of the deficiency. 26 U. S. C. 293. It therefore appears that if this tax assessment was "an outstanding account or bill payable * * * accruing up to December 31, 1940" within the meaning of the contract, the defendants are bound by the terms of the contract and are liable accordingly.

Although there has been no case in this State construing this or similar words in a contract of sale, similar cases have

been construed in other jurisdictions. In the case of *Yadusky v. Shugars,* 306 *Pa.* 92, 159 *Atl.* 2 *(Sup. Ct. Pa.* 1932*),* the Supreme Court of Pennsylvania affirmed a judgment for the plaintiff in a case involving an agreement that the sellers should pay all debts of the corporation sold, where the purchasers were later required to pay an income and excess profits tax deficiency of that corporation.

In so holding the Court said

"It would be too narrow a construction of this undertaking, having in view the intention of the parties which it discloses, to hold, as appellants would have us, that the word "debts" does not comprehend taxes within the terms of this agreement. Even granting that the contract is one of indemnity, as appellants argue, which is certainly open to debate, it is the direct undertaking of the sellers of the stock to pay liabilities which should thereafter appear to have been owing by the company. It may be true, as appellants urge upon us, that the term 'debts' in its technical sense is not ordinarily understood to embrace an obligation in the nature of a tax. Yet it is equally clear that the purpose of this agreement was to make certain what the plaintiffs were buying and to render them, so far as possible, safe from undisclosed obligations and liabilities of the corporation".

In *Morrow v. Hayes,* 226 *Mich.* 301, 197 *N. W.* 554 *(Sup. Ct. Mich.,* 1924*),* the Court held that the vendor was liable under the contract of sale which included a covenant to save the purchaser harmless "from any and all legal indebtedness" against the corporation sold, where a year after the sale the purchaser was called upon to pay United States income and excise taxes. To the same effect are *Dingle v. Camp,* 121 *Wash.* 393, 209 *Pac.* 853 *(Sup. Ct. Wash.* 1922*); Jones v. Heingle,* 75 *Ind. App.* 431, 130 *N. E.* 815 *(Appellate Court Ind.* 1921*).*

It is evident that the tax had accrued prior to the date of sale. *In re Assessment of N. Y. S. & W. R.,* 21 *N. J. Misc.* 400 at 403 *(State Board of Tax Appeals* 1943*); United States v. Anderson. (U. S. Sup. Ct.* 1926*)* 269 *U. S.* 422 *(at pages* 440, 441*),* 46 *S. Ct.* 131 *(at page* 134*)* 70 *L.Ed.* 347 *(at page 351); George S. Colton Elastic Web Co. v. U. S.,* 116 *Fed.* 2d 202, 205 *(C. C. A.* 1, *Mass.* 1940*).*

█ We are of the opinion that the tax in question is an outstanding account or bill payable within the meaning of the contract.

Secondly, the appellants contend that if they are liable for the debt, it was error to include the counsel fee and accountant's fee incurred by the plaintiff in his efforts to compromise the claim. Parenthetically, it might be noted that if plaintiff had not incurred this expense the defendants would be faced with a liability to pay the full amount of $2411.75 with interest thereon instead of the lesser amount ($1850.39) for which judgment was given.

It is to be noted that the question presented in this case differs from that of including as an item of damages compensation for services of counsel in the same case. On that question, the law is settled in this State that there is no recovery. That rule was stated by Mr. Justice Case in *Textileather Corp. v. American Mutual Liability Insurance Company,* 110 *N. J. L.* 483 *(E. & A.* 1933*).* Refer also to *Kinane v. Fay,* 111 *N. J. L.* 555 *(Sup. Ct.* 1933*).*

The question of the inclusion as an item of damages of the counsel fee incurred in a litigation with a third party as a result of a defendant's act is novel in relation to decisions in this State. The general rule is commented upon in *Williston on Contracts (Vol.* 5*) (Revised Edition) Sec.* 1354 *at page* 3798:

"Attempts to lessen the injury caused by a breach of contract frequently involve expense or loss. The injured party sometimes is willing for his own sake to incur expense, even though failure to do so would not limit his recovery under the rule of avoidable consequences. If the attempt is reasonable, whether it proves successful or not, he can recover for the expense or for the loss caused by lack of success, subject, however, to the qualification applicable to the right to recover consequential damages of any kind, namely, that the defendant had reason to foresee them as a probable result of his breach when the contract was made."

This rule has been stated by the *Restatement of Contracts Sec.* 334 thus:

"If a breach of contract is the cause of litigation between the plaintiff and third parties that the defendant had reason to foresee when the contract was made, the plaintiff's reasonable expenditures in such litigation are included in estimating his damages."

Refer also to 15 *Am. Jur.* § 144 *(Damages) page* 552; 25 *C. J. S. (Damages) Sec.* 50 *(c) at page* 534; *Stiles v. Morse,* 233 *Mass.* 174, 123 *N. E.* 615 *(Sup. Ct. Mass.* 1919*); Wheeler v.*

*Hanson,* 161 *Mass.* 370, 37 *N.E.* 382 *at* 386 *(Sup. Ct. Mass.* 1894).

It has been held in some jurisdictions that a recovery of this nature against the party to be charged is only allowed in cases where that party has been notified to come in and defend. *Robert A. Reichard, Inc. v. Ezl. Dunwoody Co.,* 45 *Fed. Supp.* 153, *at* 157 *(D. C. E. D. Pa.* 1942). That viewpoint has been criticised as unreasonable. *McCormick on Damages, Sec.* 68 *page* 252. The record of the instant case discloses that the defendants were notified of the deficiency claimed by the Collector of Internal Revenue and took no part in the negotiations with the Internal Revenue Bureau or in the proceedings and refused a demand by plaintiff to pay the deficiency. The defendants refused to recognize the deficiency claim upon the ground that its payment was not contemplated within the terms of the contract of sale. Although the record does not disclose a specific request to the defendants to defend against the claim, even if required, it is obvious in this case that it would be a futile thing.

We are disposed to hold that the defendants caused the plaintiff to have incurred expenses in litigation or settlement of litigation with the Federal Government resulting from the defendants' breach of contract and the plaintiff is entitled to recover the expenses which are the natural and probable result of the defendants' acts, including counsel and accountant's fees as are shown to be reasonable and proper.

The trial judge found that the accountant's and counsel' fees here incurred were reasonable and with this finding we concur.

The judgment appealed from is affirmed with costs.

*For affirmance:* Chief Justice VANDERBILT and Justices HEHER, OLIPHANT, WACHENFELD, BURLING, and ACKERSON—6.

*For modification:* Justice CASE—1.