ABRAHAM HEUER AND BENJAMIN HEUER, COMPLAINANTS–RESPONDENTS, v. MAX RUBIN, DEFENDANT–APPELLANT.

Argued December 6, 1948—Decided January 3, 1949.

*Mr. Israel B. Greene* argued the cause for defendant-appellant (*Mr. Bernard Hellring* on the brief).

*Mr. Eugene A. Liotta* argued the cause for complainants-respondents.

The opinion of the court was delivered by

WACHENFELD, J. An interlocutory injunction was decreed below restraining the appellant, Max Rubin, from operating a fruit and vegetable business at 65 East Cherry Street, Rahway, which he together with three other persons purchased by acquiring all the stock of the owning corporation. After the order appealed from was made, the Vice Chancellor partially

stayed the injunction by permitting him to continue in the dairy department of the business provided an appeal was diligently prosecuted.

The appellant with a partner, Irving Miller, for five years operated a fruit and vegetable store at 47 East Cherry Street, Rahway, and having decided to dissolve the partnership and terminate the business, closed the store in the early part of May 1942 and disposed of many of its physical assets. In the latter part of the same month, after the store had been closed for approximately three weeks, they sold certain store equipment consisting of scales, cash register, vegetable bins and a truck for the sum of $2,100 to the respondents. The transaction was evidenced by a bill of sale prepared by an attorney who represented all the parties in interest. It was signed in the name of "Rahway Public Market" and underneath, the signatures of both Irving Miller and Max Rubin were added. In a schedule annexed to the bill of sale the following provision was included:

"It is further understood and agreed that this bill of sale shall include the good will of the Rahway Public Market, together with the right, title and interest of the parties of the first part in and to a lease * * * "

and also this covenant:

"It is hereby understood and agreed by and between the parties hereto that the said parties of the first part, Max Rubin and Irving Miller, will not engage in the fruit and vegetable business within the city limits of the City of Rahway, County of Union and State of New Jersey."

The respondents reopened the store at the same location and continued to operate it for approximately two years and then moved the business across the street to No. 44, where they have since carried on. Six years after the sale, appellant and three others purchased a going fruit and vegetable business located on the same street and almost opposite the respondents' place of business.

No steps have been taken to reform the contract, as suggested by the court below, on the theory that the covenant was not disclosed to the sellers, and instead this appeal is pursued.

It is alleged the sale of good will and the covenant not to compete were not included in the schedule with the knowledge of the appellant; that the covenant cannot be enforced against the appellant individually since it was a joint and not a several obligation; that it is a nullity, not being incidental to the sale of good will of a business; and that the covenant, being unreasonable in time and space, is invalid.

The bill of sale and the schedule must be read together to ascertain the transaction between the parties and a clause in the schedule should be given the same effect as if it had been in the body of the instrument. *Collerd v. Tully,* 77 *N. J. Eq.* 439 *(Ch.* 1910*),* aff'd 78 *N. J. Eq.* 557 *(E. & A.* 1911*).* The execution of the bill of sale and affidavit are admitted and the appellant cannot defeat this injunction merely on the allegation that certain clauses in the instrument were not brought to his attention. Interlocutory relief based on a written contract will not be refused on the basis of mistake in the drawing of the instrument unless there is a showing reformation would probably be granted at the final hearing. To support reformation a high order of proof is required. *Ehnes v. Monroe Loan Society,* 120 *N. J. Eq.* 599 *(E. & A.* 1936*).* As the court below pointed out, the bare statement of the appellant alleging ignorance of the covenant was insufficient to come within that rule.

The argument that the obligation was joint and the covenant non-enforceable against the individual, is based upon *Alpaugh v. Wood,* 53 *N. J. L.* 638 *(E. & A.* 1891*),* and *Trenton Potteries Co. v. Oliphant,* 56 *N. J. Eq.* 680 *(Ch.* 1898*).*

The Vice Chancellor below, commenting on the modification of the *Trenton Potteries Co.* case on appeal in 58 *N. J. Eq.* 507 *(E. & A.* 1899*),* said the appellate court by inference indicated an opposite conclusion. Be that as it may, these cases held only that there is a presumption at law of a joint obligation. The presumption so created, however, is rebuttable and every contract must be interpreted in the light of the intent of the parties and the purpose which they sought to accomplish at the time the contract was made. *Verhagen v. Platt,* 1 *N. J.* 85 61 *A. 2d* 892 *(1948).* Or as was said in *Corn Exchange Bank v. Taubel,* 113 *N. J. L.* 605 *(E. & A.* 1934*):*

"  *  *  *  the ascertainment and effectuation of the intention of the parties, as manifested by the language employed and the object to be accomplished, are the ends to be served in the interpretation of written agreements."

To give reasonable effect to the covenant in question it must be construed to prohibit the sellers either jointly or severally from setting up a similar business as that sold. To hold otherwise would make it ineffective and meaningless and would be an "unnatural or strained construction." *Trenton Potteries Co. case* on appeal, *supra.*

It is true that a contract in restraint of trade is considered contrary to public policy and unenforceable unless it is ancillary to the transfer of good will or other subject of property or to an existing employment or contract of employment, but it is not true merely because a business was suspended for three weeks there was as a matter of law no good will which the owner of the business could sell. The insistment there was no business or good will carries little weight in view of the affidavit of title signed and executed by the appellant and his partner individually, which was, according to the tenor of the instrument, made to "induce Abraham and Benjamin Heuer to purchase said goods and chattels, *as well as the business and good will thereof.*"  (Italics added.)

The good will, by the very wording of the instrument itself, was transferred for a consideration and was purchased by the respondents, who thereby became entitled to the protection therein provided.

As to the covenant being unreasonable in time and space, a restriction prohibiting the vendor from engaging in similar competitive activities in Hoboken was sustained in *Kislak v. Muller,* 100 *N. J. Eq.* 110 *(Ch. 1926);* similarly in *R. H. Perry & Co. v. Burns Bros.,* 101 *N. J. Eq.* 409 *(Ch. 1927),* where the space described was "the City of Jersey City and the territory adjacent thereto"; and in *Schwartz v. Van Der Plate & Co., Inc.,* 132 *N. J. Eq.* 132 *(Ch. 1942),* where it was within a radius of five miles in Bloomfield.

It has been determined that where the space contained in the covenant is reasonable and proper there need be no lim-

itation as to time. In *Scherman v. Stern*, 93 *N. J. Eq.* 626 *(E. & A.* 1922), the court pointed out:

> "This agreement was, therefore, one where the restraint was reasonably limited in point of space but unlimited in point of time. Whatever may be the rule respecting contracts to desist from the practice of a learned profession (*Mandeville v. Harman*, 42 *N. J. Eq.* 185), certainly it is no objection to an agreement not to compete with a mercantile business that the restraint is unlimited in point of time when (as here) it is reasonably limited in point of space."

The legality of the territory encompassed and the time limitation contained in the present covenant have been passed upon many times by our court and no reason is presently advanced why the rule so firmly fixed by those decisions should be altered or changed at this time.

The order of the court below granting the interlocutory injunction is affirmed.

*For affirmance:* Chief Justice VANDERBILT and Justices CASE, HEHER, WACHENFELD, BURLING, and ACKERSON—6.

*For reversal:* None.