Augustus C. **FROMMEYER**, Charles M. Foley and Joseph E. Murphy, Co-partners Doing Business as Frommeyer and Company, a Partnership, and United States of America for the Use of Augustus C. Frommeyer, Charles M. Foley and Joseph E. Murphy, Co-partners Doing Business as Frommeyer and Company, a Partnership (Plaintiffs)

v.

**L. & R. CONSTRUCTION CO., Inc.**, a Corporation, American Surety Company of New York, a Corporation, Wortmann & Sons, Inc., a Corporation, and Seaboard Surety Company, a Corporation (Defendants).

**AMERICAN SURETY COMPANY OF NEW YORK** (Third-Party Plaintiffs)

v.

Rochina M. **GENTILE** and Lawrence V. Gentile (Third-Party Defendants).

L. & R. Construction Co., Inc., and Rochina M. Gentile and Lawrence V. Gentile, Appellants in No. 12,608.

American Surety Company of New York, Appellant in No. 12,609.

Nos. 12608, 12609.

United States Court of Appeals Third Circuit.

Argued Nov. 6, 1958.

Decided Dec. 17, 1958.

See, also, 139 F.Supp. 579.

David Novack, Camden, N. J., Herbert A. Barton, Philadelphia, Pa. (Howard K. Shaw, Trenton, N. J., Swartz, Campbell & Henry, Philadelphia, Pa., on the brief), for appellants.

Leonard H. Mandel, New York City (Victor Ruskin, Jersey City, N. J., on the brief), for appellees.

Before MARIS, GOODRICH and KALODNER, Circuit Judges.

GOODRICH, Circuit Judge.

This is an appeal from a judgment by the District Court for the District of New Jersey in litigation growing out of the performance of several contracts pertaining to the erection of buildings at Maguire Air Force Base, New Jersey.

The United States made a contract with Wortmann & Sons, Inc., for the erection of the buildings. Wortmann was the prime contractor. L. & R. Construction Co., Inc., (L & R) was a subcontractor under Wortmann. Frommeyer and Company was a sub-subcontractor under L & R. Frommeyer did work which L & R was obligated to pay for but did not. Frommeyer then sued both L & R and Wortmann [1] and recovered judgment against both.[2]

In the action by Frommeyer, Wortmann filed a cross-claim against L & R, seeking indemnity for the amount that Wortmann was obligated to pay Frommeyer and for attorney fees in connection with the suit by Frommeyer. The basis of Wortmann's claim against L & R was a performance bond executed in Wortmann's favor by L & R (with American Surety Company of New York as surety), conditioned on the performance of the subcontract free and clear of liens and indemnifying Wortmann from loss, costs and damage by reason of L & R's failure to do so.

There is also involved here a cross-claim by L & R against Wortmann for money claimed due it on the subcontract.

The liability of Wortmann and L & R to Frommeyer is not disputed and is not a part of this case. Neither is there any doubt that L & R is liable on its performance bond to Wortmann for the amount of the Frommeyer judgment. The only disputed issues on this appeal are Wortmann's right to recover attorney fees from L & R on the bond [3] and the amount owing on the subcontract between L & R and Wortmann.[4]

---

1. The liability of L & R to Frommeyer is predicated on the sub-subcontract between those parties. The liability of Wortmann to Frommeyer is based upon the payment bond furnished by Wortmann to the United States for the protection of suppliers of labor and material as required by the Miller Act, 40 U.S.C.A. §§ 270a–270d. Recovery by a sub-subcontractor against the prime contractor on the payment bond is provided for in § 270b of the act, even though there is no privity of contract.

2. Frommeyer also recovered a judgment against the Seaboard Surety Company, surety for Wortmann on the payment bond. Frommeyer's claim against the American Surety Company of New York, L & R's surety on its performance bond executed in favor of Wortmann, was dismissed by the district court.

3. The decision on this issue is also dispositive of the appeal of L & R's surety, American Surety Company of New York.

4. The Miller Act does not reach the controversies which are the subject of this appeal.

## I. Attorney Fees.

In awarding damages the trial court, hearing the case without a jury, awarded $5,000 in attorney fees to Wortmann as part of the expense of defending the Frommeyer action. This award is alleged by the appellant, L & R, to be erroneous. It says that under the law of New Jersey attorney fees cannot be recovered and cites a rule of court and numerous New Jersey decisions for that conclusion. N.J.Rules 4:55–7; State v. Otis Elevator Co., 1953, 12 N.J. 1, 95 A. 2d 715; Textileather Corp. v. American Mutual Liability Insurance Co., 1933, 110 N.J.L. 483, 166 A. 214; Verhagen v. Platt, 1948, 1 N.J. 85, 61 A.2d 892, 4 A.L. R.2d 1309.

█ We think the appellant is confused in making this argument. It is true that, in general, when A sues B and recovers, A's attorney fees are not part of the recovery either as an item of damages or as taxable costs. McCormick, Damages § 61 (1935); Textileather Corp. v. American Mutual Liability Insurance Co., 1933, 110 N.J.L. 483, 166 A. 214. See N.J.Rules 4:55–7.

█ But this case does not involve the above well-settled proposition. If, in our case above put, B is under obligation to hold A harmless from claims of C, but fails to do so, then A having defended himself against C's claim may recover, as part of his damages in a suit against B, what he has had to pay out because of B's failure to perform his contract. This includes what A has had to pay his lawyer as well as other expenses.

This is a general rule and finds expression in New Jersey cases [5] and in federal decisions also.[6] See McCormick, Damages § 66 (1935).

The district court was compelled to divide what had been paid out as attorney fees between that which was spent defending the Frommeyer claim and that involving disputes between L & R and Wortmann. This was done as well as possible from the facts before the court. The judge made a fair division. His action in this respect should be affirmed.

## II. The Question of Novation.

L & R urges that the original contract between itself and Wortmann was rescinded so far as the price to be paid to L & R was concerned and a higher rate of compensation promised. It appears that the L & R estimate of the amount of concrete to be furnished for its part of the job turned out to be much less than what was actually needed. Lawrence Gentile of L & R testified that in a conference between himself and the head of Wortmann and Sons, Inc., Mr. Wortmann promised him an additional $16,000 for the work and assured him that he would be protected against losing money on the job.

This, it is claimed, constituted a novation; that is, the rescission of the original agreement, which was in writing, and the substitution of this new arrangement for payment. The trial judge did not find that this claimed new agreement ever took place. Nor did he find expressly that it did not. He did hold that even if Wortmann had said he would pay L & R $16,000 more the statement had no legal effect.

We, of course, do not pass on the question of fact. It is worth commenting that the alleged corroborative evidence relied upon by the appellant is very weak. It consisted of a memorandum claimed to be in Wortmann's handwriting but not signed. This memorandum indicated a notation for additional payment of $16,000 to L & R. But it also mentioned another building project and it is perfectly consistent with this memorandum that any additional payment to L & R was tied up with the additional project. This one L & R did not go into.

█ In the absence of a finding of fact as to the existence of the conversa-

5. Thermoid Co. v. Consolidated Products Co., Inc., 1951, 7 N.J. 283, 81 A.2d 473, 476; Verhagen v. Platt, 1948, 1 N.J. 85, 61 A.2d 892.

6. B & G Electric Co. v. G. E. Bass & Co., 5 Cir., 1958, 252 F.2d 698; Pure Oil Corp. v. Geotechnical Corp. of Delaware, D.C.E.D.La.1955, 129 F.Supp. 194, 198.

tion claimed, we come to the legal point, as did the district court. No one doubts that a contract, even a written contract, may be rescinded or may be modified subsequently. Such modifications may be in writing or oral.[7] The district court was cited to cases, which have been brought to our attention also, in which a contractor, or subcontractor, confronting new and unexpected situations has been found to have made a new contract with the promisee on terms more favorable to himself. E. g., Swartz v. Lieberman, 1948, 323 Mass. 109, 80 N.E.2d 5; Annotation 12 A.L.R.2d 78 (1950).

But as Judge Forman pointed out, no facts were shown here which would prove a binding modification of any part of the agreement between Wortmann and L & R. There were no new conditions. There was no discontinuance or even a threat of discontinued performance by L & R. Indeed, as Judge Forman points out, that company had a great interest in successfully completing its job. The most we have, even if it is assumed that the promise was made, is a naked agreement unsupported by consideration to pay more money for a given piece of work which the promisor was already bound to perform at a price agreed upon. Little as the doctrine of consideration is loved these days, this seems to be a case where it must be applied. Restatement, Contracts § 76, illustration 8 (1932); 1 Corbin, Contracts § 175 at 568, 575 (1950); 1 Williston, Contracts § 130 (3d ed. 1957). See Palmeri v. Albanese, 1951, 12 N.J.Super. 338, 79 A.2d 699, 701; Finocchiaro v. D'Amico, 1950, 8 N.J.Super. 29, 73 A.2d 260, 261–262; Smith v. Phillips Pipe Line Co., D.C.N.D.Okl.1955, 128 F.Supp. 61. The district court was right.

### III. Prime Contract Applicability as to Deletions.

During the course of the construction of the work the Government officer in charge changed one part of the requirements. Certain fireplaces and chimneys called for in the original plans were to be replaced by blank walls and there was a change regarding certain utility tunnels also specified in the original. These changes necessitated reductions in the amount payable to Wortmann as prime contractor. Wortmann likewise sought to charge-back L & R for the amount of the deletions. L & R urges that the provisions in the prime contract as to deletions do not apply to it.

We feel no doubt that this position is incorrect. Paragraph 3 of the prime contract provides:

"3. Changes and Extras.—The contracting officer may at any time, in writing, and without notice to the sureties, order extras or make changes in the drawings and/or specifications of this contract providing such extras or changes are within the general scope thereof. If any such extra or change causes an increase or decrease in the amount due under this contract, or in the time required for its performance, an equitable adjustment shall be made and the contract shall be modified in writing accordingly."

A provision in the contract between Wortmann and L & R states:

"Extra work is to be performed by you as directed by us or the U. S. Engineers and such work shall be subject to the approval of the U. S. Army Engineers as to performance and amount and time of payment."

Further, there is another provision in the contract between Wortmann and L & R which says:

"All of the terms and conditions of the prime contract are made a part of this contract insofar as is applicable and shall apply between us."

We think that this provision settles the matter.

It is also urged that Wortmann did not deal fairly with L & R with regard to deductions for the fireplaces and

---

7. See 2 Corbin, Contracts §§ 301–12 (1950) for the relation of oral modification of written contracts to the statute of frauds.

chimneys which were not built and adjustment for the cost of wall to take the place of the omitted chimneys and fireplaces. An examination of the record, however, convinces us that this point is not well taken.

The appellant likewise makes the point that this appeal is premature as certain adjustments because of changes made by the Government's officer in charge are the subject of an appeal through Army channels. This point is not well taken either. Judge Forman had all this in mind and carefully excluded from this case anything which had to do with the appeal which was originally taken by Wortmann but assigned to L & R.

The judgment of the district court will be affirmed.