58 N.J. Super. 504 (1959)
156 A.2d 701
MOLLIE LIEBESKIND, PLAINTIFF-RESPONDENT,
v.
METAL FRAME AQUARIUM COMPANY, A NEW JERSEY CORPORATION, DEFENDANT-APPELLANT, AND ROSEWELL HOLDING AND IMPROVEMENT COMPANY, ETC., DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued November 24, 1959.
Decided December 21, 1959.
*506 Before Judges PRICE, GAULKIN and SULLIVAN.
*507 Mr. Ernest F. Keer, Jr., argued the cause for defendant-appellant (Messrs. Boyd, Dodd, Keer & Booth, attorneys).
Mr. Frank C. Scerbo argued the cause for plaintiff-respondent and cross-appellant.
The opinion of the court was delivered by SULLIVAN, J.A.D.
This appeal is from a judgment upholding plaintiff's claim to a drainage easement in defendant-appellant's land and directing said defendant to provide plaintiff with an adequate drainage system on the defendant's property.
The factual background of the case is as follows. Prior to 1933 plaintiff was the owner of a piece of property on the easterly side of Changebridge Road, Montville Township, Morris County, New Jersey, on which there was a building used as a general store and post office. When prohibition was repealed, plaintiff's husband opened a tavern on the property and operated it to the date of his death in 1958. Plaintiff's son now runs the business. The premises had a cesspool in the back which eventually backed up due to a solid rock subsurface, causing insufficient drainage. To correct the situation plaintiff in 1934 purchased the property directly across the road, ran an underground iron pipe from the cesspool under the road and into the newly acquired property, and then constructed a subsurface drainage bed to take care of the sewage. It is impossible to determine exactly of what the drainage field consisted because it was subsequently destroyed by defendant in the course of grading the property with a bulldozer. The evidence, however, does indicate that at the terminus of the iron pipe, a ditch some 150 to 175 feet in length was dug, and was then filled with small stones. A heavy tar paper was then laid over the stones and the entire ditch then covered over with dirt. There is an indication also that the iron pipe was connected to the underground stone bed by clay tiles or pipe. This drainage system worked adequately and satisfactorily until the events hereinafter related took place.
*508 By deed dated June 17, 1947 plaintiff and her husband conveyed the property across the road in which the drainage system is located to Rennok, Inc. The deed contains this clause:
"SUBJECT, however, to the right of the parties of the first part herein, their heirs and assigns, to have and maintain drainage pipes as they now exist, on the above described premises."
In 1953 the property was conveyed to Rosewell Holding and Improvement Company, the deed containing the same clause recited above. In 1954 the property was sold to the present defendant, Metal Frame Aquarium Company, the owner of adjacent land and building to the north. This latter deed, however, omitted any reference to the clause contained in the previous conveyances.
After acquiring the property defendant began to put an addition on the south side of its old building. This necessitated the use of the newly acquired tract. When plaintiff's son saw what was going on, he spoke to Mr. Herman, the manager of defendant corporation, and told him about plaintiff's right to maintain the drainage pipe. Herman, however, stated that there was nothing in defendant's deed which gave plaintiff any "right of way" and declined to cease operations. The result was that while the new building itself does not extend over the area in which the drainage field lay, the grading and bulldozing operations adjacent thereto lowered the level of the land, exposed the iron pipe at its terminus, and destroyed the stone drainage bed into which the sewage had theretofore emptied. Since then, the sewage flows out of the exposed end of the pipe and falls on the surface of the land. Both local and state health authorities have ordered that this situation be corrected. Plaintiff thereupon filed this suit to establish that she had a perpetual right or easement to maintain the drainage pipes as they existed on June 17, 1947, and to compel defendant to restore the drainage system which had been destroyed. Damages were also sought.
*509 At the conclusion of the case, the trial court ruled that plaintiff, as owner of the dominant tenement, had an easement in defendant's property for the purpose of maintaining drainage pipes including a drainage system such as existed at the time the easement was created. The court found that it was not possible to determine exactly what the system had been because defendant had completely destroyed it. However, the court did find that the system had worked adequately and satisfactorily. Therefore, it directed defendant, at its own cost and expense, to provide plaintiff with an adequate drainage system on defendant's property so that plaintiff would be placed in the same position as she had been in prior to defendant's interference with her easement. Plaintiff's claim for damages, including the expenses of attorneys' fees incurred in this litigation, was denied.
Defendant appeals on the ground that the trial court has imposed on defendant's property an easement broader than created by the clause contained in the June 17, 1947 deed to defendant's predecessor in title. It is also urged that even assuming an interference with plaintiff's easement, under the facts of this case, plaintiff has an adequate remedy in a monetary award for actual damages suffered. Plaintiff has cross-appealed from the denial of damages including attorneys' fees.
Defendant's main argument is that the interpretation of plaintiff's easement must be confined to the plain and unambiguous terms of the recorded deed, and that the right to maintain drainage pipes does not include the right to have any flowage from the pipes. Defendant submits that the court's inclusion within the scope of the easement of a drainage system to take care of the flowage from the pipes is an unwarranted extension of the recorded easement.
The clause is not as limited as defendant would have it appear. It reserves the right to have and maintain drainage pipes "as they now exist, on the above described premises." Defendant is charged with at least constructive knowledge of this easement in its chain of title. Mitchell v. *510 D'Olier, 68 N.J.L. 375 (E. & A. 1902). Of course the user may not extend beyond the terms of the reservation. Man v. Vockroth, 94 N.J. Eq. 511 (E. & A. 1923). Here, though, there is uncontradicted proof that the system which was in existence about 20 years prior to defendant's taking title had never been altered or extended. Unquestionably the provision in the deed of June 17, 1947 was intended to reserve the right to maintain this very system. While the language creating the easement could have been more precise, the construction given it by the trial judge was within the limits of the phraseology used. Hammett v. Rosensohn, 26 N.J. 415 (1958). It is unrealistic to assert that plaintiff has the right to maintain drainage pipes but may not have any flowage through them.
The solution arrived at by the trial judge is practical. He directed defendant to provide plaintiff with an adequate drainage system on defendant's property. The evidence indicates that this will not cast an undue burden on defendant. The expert who testified for plaintiff explained that while it was impossible to construct a drainage system in the back of plaintiff's own premises because of a rock subsurface, there were a number of ways in which it could be done on defendant's premises, either by a filter bed, or lateral trenches, or by connecting plaintiff's drainage pipe to the sewage disposal system constructed by defendant on its property at the time the new building was erected. According to the expert, any of these methods is feasible under the conditions presently existing on defendant's property.
The argument that plaintiff's relief should be limited to money damages is without merit. The use of the easement has been seriously impaired. Injunctive relief to restore plaintiff to full enjoyment of her easement rights is the only appropriate remedy. Hughes v. Knight, 33 N.J. Super. 519 (App. Div. 1955); Ennis v. Gray, 16 N.J. Super. 184 (Ch. Div. 1951).
*511 Plaintiff's cross-appeal seeking a reversal of the ruling denying damages, including attorneys' fees, is without basis. There were no actual damages shown, and while defendant acted in the face of notice by plaintiff's son, there is nothing to indicate that it did not do so in good faith. The trial judge found there was no basis for punitive damages. The evidence supports this finding. Nominal damages for interference with plaintiff's easement are not proper since the court has granted specific relief. The suggestion that plaintiff's expenses in retaining counsel to prosecute this suit should be considered as an element of compensatory damages is at odds with settled law in this State that attorneys' fees are not cognizable as an item of damage in the same case in which incurred. Kinane v. Fay, 111 N.J.L. 553 (Sup. Ct. 1933); Textileather Corp. v. American Mut. Liability Ins. Co., 110 N.J.L. 483 (E. & A. 1933). Cf. Verhagen v. Platt, 1 N.J. 85 (1948).
Affirmed.