Bernard **SLUSARSKI**

v.

**UNITED STATES LINES CO.**

v.

**MARITIME SHIP CLEANING AND MAINTENANCE CO., Inc.**

**Civ. A. No. 22944.**

United States District Court
E. D. Pennsylvania.

Dec. 17, 1963.

Rawle & Henderson, Harrison G. Kildare, Philadelphia, Pa., for United States Lines Co., third-party plaintiff.

Krusen, Evans & Byrne, T. E. Byrne, Jr., Philadelphia, Pa., for Maritime Ship Cleaning & Maintenance Co., Inc., third-party defendant.

KRAFT, District Judge.

Plaintiff, a longshoreman, brought this action against United States Lines Company (U. S. Lines) to recover damages for personal injuries sustained while engaged in his employment aboard defendant's vessel, alleging unseaworthiness of the vessel and negligence of defendant.

U. S. Lines impleaded and sought indemnity from plaintiff's employer, Maritime Ship Cleaning & Maintenance Co., Inc. (Maritime), which had contracted to perform the stevedoring services.

On *October 20, 1959,* following trial of the actions, judgment was entered in favor of plaintiff and against U. S. Lines

in the sum of $28,924.00, and in favor of U. S. Lines and against Maritime in a like sum.

More than three years later, on *February 11, 1963*, U. S. Lines filed the present motion to amend its third-party complaint against Maritime, under F.R. Civ.P. 15(b), to claim costs, attorney's fees and reasonable disbursements, with interest, alleged to have been incurred in the defense of the primary action.

Rule 15(b), so far as here material, provides:

"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues."

■■ As stated in Moore's Federal Practice, Vol. 3 p. 846–7, the purpose of an amendment to conform to proof is to bring the pleadings in line with the actual issues upon which the case was tried. An amendment after judgment, which brings in some entirely extrinsic issue or changes the theory on which the case was actually tried, is not permissible.

■■ The issue of the costs, attorneys' fees, etc., incurred by U. S. Lines in the defense of the principal action was never raised at the trial by the pleadings or otherwise; nor was evidence with respect thereto either offered or received. It follows that the proposed amendment is not to conform the pleadings to the proof, but to inject a new and different issue as to which different and additional evidence would be relevant. See Chesapeake & Ohio Railway Company v. Newman, 243 F.2d 804, 812 (6th Cir.1957). The plaintiff may not enlarge his cause of action after judgment has been entered. McHenry v. Ford Motor Com-

pany, 269 F.2d 18, 24 (6th Cir.1959). As stated in United States v. City of Brookhaven, 134 F.2d 442, at p. 446 (5th Cir.1943):

"The provision of Rule of Civil Procedure 15(b), 28 U.S.C.A. following section 723c as to amendment of pleadings after judgment looks to supporting the judgment by the amendment, or to making the record show more perfectly what was really tried and decided. It does not authorize an amendment to nullify the judgment and begin a new contest."

Rule 15(b), therefore, is clearly not applicable in the present circumstances.

■ U. S. Lines requests, alternatively, that its motion be treated as a motion to file an amended bill of costs, to include therein "counsel fees, expenses and other costs" incurred by it in the defense of the primary action.

F.R.Civ.P. 54(d) provides in part:

"Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; * * *."

This provision clearly relates to taxable costs in their accepted context. The attorney's fees and disbursements, which U. S. Lines now proposes to recover, are not such taxable costs. They are recoverable, if at all, as an item of damage. The distinction is fundamental and was pointedly remarked by the late and esteemed Judge Goodrich in Frommeyer v. L. & R. Construction Co., 261 F.2d 879, at p. 881, 69 A.L.R.2d 1040 (3rd Cir. 1958):

"It is true that, in general, when A sues B and recovers, A's attorney fees are not part of the recovery either as an item of damages or as taxable costs. McCormick, Damages § 61 (1935); Textileather Corp. v. American Mutual Liability Insurance Co., 1933, 110 N.J.L. 483, 166 A. 214. See N. J. Rules 4:55–7.

"But this case does not involve the above well-settled proposition. If, in our case above put, B is under obligation to hold A harmless from claims of C, but fails to do so, then A having defended himself against C's claim may recover, as part of his damages in a suit against B, what he has had to pay out because of B's failure to perform his contract. This includes what A has had to pay his lawyer as well as other expenses."

For the foregoing reasons, the motion of U. S. Lines to amend, considered in each aspect, will be dismissed.