## UNITED STATES LINES COMPANY
### v.
## MARITIME SHIP CLEANING AND MAINTENANCE CO., Inc.
### No. 117 of 1964 in Admiralty.

United States District Court
E. D. Pennsylvania.

Nov. 17, 1964.

Harrison G. Kildare, Rawle & Henderson, Philadelphia, Pa., for libellant.

Thomas E. Byrne, Jr., Krusen, Evans & Byrne, Philadelphia, Pa., for respondent.

GRIM, District Judge.

The question here is whether this action is barred, in the circumstances of the case, because of previous litigation relating to the subject matter of this present case.

Bernard Slusarski, a longshoreman-shipcleaner, was injured while working on a ship owned and operated by libelant, United States Lines. He sued United States Lines to recover for his injuries. United States Lines joined Slusarski's employer, Maritime Ship Cleaning and Maintenance Co., Inc., as a third-party defendant in an attempt to obtain indemnification from Maritime "for all damages awarded to" Slusarski in the event that United States Lines should be held liable to Slusarski. At the trial, Slusarski obtained a verdict against United States Lines and United States

Lines, in its third-party action, obtained a verdict for indemnification against Maritime. The judgment entered in favor of Slusarski and against United States Lines was satisfied on March 22, 1960.

On February 11, 1963, almost three years after the original judgment was filed, United States Lines filed a motion to amend its third-party complaint to add as part of its third-party action a claim for "costs and attorneys' fees and reasonable disbursement connected with the defense of the original action". After argument, this motion to amend the third-party complaint was denied on procedural grounds, 224 F.Supp. 495 (E.D. Pa.1963).

Having lost in its attempt to amend its third-party complaint to include a demand for attorneys' fees and investigating costs, United States Lines has now started the present action as an entirely new case. The present action, the new one, is based upon the same cause of action as was the third-party action in the first case, namely, Maritime's warranty to United States Lines to do its work in a reasonably safe manner. Ryan Stevedoring Co. v. Pan-Atlantic S.S. Corp., 350 U.S. 124, 133, 76 S.Ct. 232, 100 L.Ed. 133 (1956). The difference between the third-party action in the first case and the present action is that in the present action United States Lines seeks recovery of the attorneys' fees and investigating costs incurred in its defense of the injured shipcleaner's suit which fees and costs were not demanded in its third-party action in the first case.

In its third-party action in the first case, United States Lines sought to recover from Maritime whatever sum it might be compelled to pay to Slusarski, the injured shipcleaner, the third-party complaint saying: "Wherefore, third-party plaintiff demands indemnity from third-party defendant for all damages awarded to the plaintiff." There was no indication at the pre-trial conference[1] or during the course of the trial that United States Lines was claiming attorneys' fees and investigating costs at that time.

■■ A party who seeks redress for a single wrong cannot assert his damages serially. If there is one cause of action there can only be one recovery. As applied to the operative facts giving rise to the present controversy between the parties before this court, it is clear that there was but one warranty of the shipcleaning company, namely, to do its work in a reasonably safe manner. There was but one breach of that warranty when the shipcleaning company failed properly to perform its work and consequently there can be but one recovery over by way of indemnity for all losses suffered by the shipowner by reason of this breach of warranty. The fact that the shipowner failed to demand complete indemnity for its loss by including a claim for attorneys' fees and investigating expenses cannot entitle it to recoup in this action what it should have sought in the first case. The general principles of law involved are succinctly stated in Section 62 of the Restatement of Judgments. Comment "d" of that Section provides in pertinent part:

"d. Recovery of increased damages. Where the plaintiff has obtained a judgment against the defendant, he may be dissatisfied with the amount of damages awarded and may seek in a second action to recover increased damages. This he cannot do since his cause of action is merged in the judgment. He cannot split his cause of action * *."

"Illustrations:

"5. A brings an action against B for conversion of a derrick, and ob-

tains judgment for the value of the derrick. Thereafter he brings a new action to recover the loss of profits from a valuable contract which he was unable to perform because of the conversion of the derrick. The prior judgment is a bar to the action." [2]

The shipowner seeks to avoid the effect of these clearly established principles by arguing

    (1) that maritime law at the time of the original suit did not recognize a claim for recovery of attorneys' fees and investigative expenses in a breach of warranty-indemnity action.

    (2) that such a claim is cognizable today and

    (3) that since such a claim could not have been litigated at the time of the first action, it would be unjust and inequitable to hold today that the shipowner lost his right to recover these costs and fees by failing to demand them in the first suit.

    ■ This argument is without merit. Although it is true that in certain circumstances a judgment based on a certain state of the law will not bar a subsequent suit on the same cause of action where there has been a change in the law between the time of the judgment and the second suit,[3] this is not the situation here. The problem here was one of case law not statutory law and the newer cases merely expounded and stated the law of indemnification as it had existed prior to the newer decisions. The trial of the shipowner-shipcleaning company's indemnity case took place and the judgment was entered in October of 1959.

Prior to that date, it had been recognized that under the general law of indemnity, reasonable counsel fees and costs incurred in resisting the liability indemnified against could be recovered by the indemnitee.[4] Moreover, prior to the trial and judgment in the first case, it was established law that one who engaged in a maritime service for the benefit of the ship impliedly warranted that he would perform his work in a reasonably safe manner and indemnify the ship for any loss resulting from a breach of that warranty. Ryan Stevedoring Co. Inc. v. Pan-Atlantic S.S. Corp., 350 U.S. 124, 133, 76 S.Ct. 232 (1956). In June of 1958, it was specifically held that a shipowner could recover from a stevedore who had breached its warranty of workmanlike service, not only the amount the shipowner was required to pay to an injured longshoreman, but also the reasonable attorneys' fees, costs and expenses incurred by the shipowner in defending against the longshoreman's claim. A/S J. Ludwig Mowinckels Rederi v. Commercial Stevedoring Co., 256 F.2d 227, 232 (2d Cir. 1958), cert. dismissed 358 U.S. 801, 79 S.Ct. 9, 3 L.Ed.2d 49 (1958).

The most that can be said for shipowner's position is that since the date of the original judgment, a general principle of indemnity law has been specifically and clearly applied in this judicial circuit to a maritime implied warranty situation. Rogers v. United States Lines Co., 303 F.2d 295 (3d Cir. 1962), cert. denied 371 U.S. 876, 83 S.Ct. 148, 9 L.Ed.2d 114 (1962); Brown v. San Alberto, 305 F.2d 602 (3d Cir. 1962). This is not such a change in legal circumstances as to warrant upsetting the salu-

---

2. See also Comment "e" of Section 62 which provides in pertinent part:

    "Where one act causes a number of harms or invades a number of different interests of the same person, a judgment based upon the act normally prevents him from maintaining another action for one of the harms although no claim for it was made in the first proceeding

    \* \* \*." Cf.: 2 Freeman on Judgments § 598 Splitting Damages (1925).

3. 50 C.J.S. Judgments § 650; 2 Freeman on Judgments § 713, Change in the Law (1925).

4. 42 C.J.S. Indemnity § 13d and § 24; Frommeyer v. L. & R. Construction Co., 261 F.2d 879, 881, 60 A.L.R.2d 1040 (3d Cir. 1958).

tary prohibition against splitting a cause of action.

Accordingly, respondent's motion for summary judgment will be granted and libelant's motion for a summary judgment in its favor will be denied.