Otey BROWN
v.
SAN ALBERTO CIA ARMADORA, S.A.,
Appellant,
v.
INDEPENDENT PIER COMPANY,
Appellee.
No. 13853.

United States Court of Appeals Third Circuit.

Argued June 4, 1962.

Decided July 3, 1962.

T. J. Mahoney, Philadelphia, Pa. (John J. Guilfoyle, Jr., and Krusen, Evans & Byrne, Philadelphia, Pa., on the brief), for San Alberto Cia, Armadora, S. A.

Thomas F. Mount, Philadelphia, Pa. (Rawle & Henderson, Philadelphia, Pa., on the brief; David L. Steck, Philadelphia, Pa., of counsel), for Independent Pier Co.

Charles Sovel, Philadelphia, Pa., for Otey Brown.

Before GOODRICH, McLAUGHLIN and STALEY, Circuit Judges.

PER CURIAM.

Otey Brown, a longshoreman, was hurt while working aboard appellant's vessel. He sued appellant, alleging that it was responsible for his injuries by reason of its negligence and the unseaworthiness of its vessel. Appellant impleaded Independent Pier Company, Brown's employer, on the theory that if Brown had been injured as he claimed, Independent was responsible by reason of its breach of warranty to perform its work about the ship in a safe and workmanlike manner. As a result of the answers of the jury to the special interrogatories, judgment was entered in favor of Brown and against appellant. Indemnity was found to exist in favor of appellant against Independent Pier Company and it was provided that appellant "may hereafter have judgment against the third party defendant for the amount which it has paid to the plaintiff in total or partial satisfaction of the Order for entry of judgment." There has been no appeal from the imposition of liability on defendant or from the imposition of indemnity liability on Independent Pier.

At the time appellant's right to indemnity from Independent Pier was included in the judgment order, appellant requested that it be reimbursed for its attorney fees and costs in defending the action. The court, in the absence of a Third Circuit precedent, refused to so act in the sort of situation presented where there was no express indemnity contract between the parties which included provision for reimbursement for counsel fees and costs.

Since that time in a comparable situation we affirmed the district court in its allowance of counsel fees and costs. Rogers v. United States Lines Company et al., 303 F.2d 295 (1962). Independent Pier's obligation to appellant found to exist in this case is to indemnify appellant for any loss incurred by appellant caused by Independent Pier's failure to use proper care. Appellant's reasonable counsel fees and costs in defending Brown's suit against it are properly includible in said loss and should be allowed. Cf. Paliaga v. Luckenbach S. S. Co., 301 F.2d 403 (2 Cir. 1962); DeGioia v. United States Lines Company, 304 F.2d 421 (2 Cir. 1962).

The judgment in favor of appellant as third party plaintiff against Independent Pier Company as third party defendant will be remanded to the district court for the purpose of that court ascertaining and allowing to appellant the amount of its reasonable counsel fees and costs in defending the claim of plaintiff against it.

GOODRICH, J., participated in the consideration of this appeal but died prior to the filing of this opinion.