**A. C. ISRAEL COMMODITY CO., Inc.**

v.

**AMERICAN–WEST AFRICAN LINE, INC., D/S A/S Den Norske Afrika-Og Austrailielinie, Wilhelmsens Dampskib-saktieselskab, A/S TONSBERG, A/S TANKFART I, A/S TANKFART, IV, A/S TANKFART V, A/S TANKFART VI, and MV TANA, her engines, boilers, tackle, apparel, etc.**

v.

**LAVINO SHIPPING COMPANY, (Impleaded Respondent), Appellant.**

**Nos. 17085 and 17110.**

United States Court of Appeals Third Circuit.

Argued May 10, 1968.

Decided July 1, 1968.

As Amended July 22, 1968.

Rehearing Denied July 31, 1968.
Certiorari Denied Dec. 9, 1968.
See 89 S.Ct. 446.

Harrison G. Kildare, Rawle & Henderson, Philadelphia, Pa. (Thomas F. Mount, Philadelphia, Pa., on the brief), for appellant.

James F. Young, Krusen, Evans & Byrne, Philadelphia, Pa. (Raymond T. Letulle, Philadelphia, Pa., on the brief), for appellee.

Before McLAUGHLIN, KALODNER and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

VAN DUSEN, Circuit Judge.

This admiralty action by an importer and owner for missing bags of cocoa beans consigned to it against the carrier (one of appellees—hereinafter called "appellee") was tried to the court. On the basis of Findings of Fact, Conclusions of Law and a "Discussion," judgment was entered in favor of the owner against the carrier and in favor of the carrier against the stevedore (appellant), as indemnitor, for the full amount of the carrier's liability to the owner.[1] The appeal in No. 17085 is taken from this November 9, 1967, District Court judgment against the appellant.

After a careful review of the record, we can find no basis for holding that the Findings and Conclusions of the trial judge that "the bags were received but were lost by Lavino" were clearly erroneous.[2] See McAllister v. United States, 348 U.S. 19, 20, 75 S.Ct. 6, 99 L.Ed. 20 (1954). The contention that appellee waived or abandoned available defenses to the owner's claim is not supported by this record.[3] For the fore-

1. See David Crystal, Inc. v. Cunard Steamship Co., 339 F.2d 295, 299 (2nd Cir. 1964), cert. den. 380 U.S. 976, 85 S.Ct. 1339, 1340, 14 L.Ed.2d 271 (1965), holding that a stevedoring company is liable to idemnify a carrier who employs it where such company is responsible for the loss of the cargo. Appellant conceded its obligation "to properly account for all bags of cargo being discharged from the vessel and delivered to the consignees or their agents."

2. The trial judge made clear that he did not accept the testimony of several of appellant's employees.

3. For example, the record shows that appellee's Answer to Requests for Admission denied as much of such Requests as the evidence indicates was justified. In appellee's pre-trial memorandum, it stated: "What happened to the bags thereafter [after unloading] must be explained by Lavino and/or Reading Company," that it might be "responsible" for some of the claims for slackage, and that there could not be any liability for more than 341 bags. It is noted that in paragraph 7 of its Answer to the Petition to Implead, appellant alleged:

"It further avers that any damage or short delivery established by the consignees herein was caused by inadequate containers and/or improper stowage on the vessel and/or errors in accounting by respondents and/or negligent han-

going reasons, the judgment of November 9, 1967, appealed from in No. 17085, will be affirmed.

After the above-mentioned judgment of November 9, 1967, had been entered by the District Court and a notice of appeal from that judgment had been filed, the trial judge heard argument on appellee's claim for counsel fees and expenses. During this argument, appellant conceded that $2,134.41 represented a fair amount for attorney's fees and costs of appellee in the District Court. The trial judge entered, on December 21, 1967, a supplemental judgment "of $2,134.41 as indemnity for attorney's fees and costs in defending libellant's claim." A timely appeal was filed by appellant from this supplemental judgment, which is docketed in this court as No. 17110. Appellant challenges this judgment on the grounds that appellee "can recover only those fees or expenses allocated to the defense of the primary claim against it" and that appellee offered no defense to the primary claim. The record requires the rejection of the contention that appellee did not make any defense to the primary claim. See, for example, footnote 3, supra. Also, the record shows that during the trial appellee called two witnesses, cross-examined at least two of the owner's witnesses, and offered at least six exhibits in evidence after the owner had offered in evidence the concededly admissible bills of lading evidencing receipt on the ship of the missing bags in Africa. Although some of such trial activity of appellee was directed to showing that appellant was responsible for the missing bags, appellee's counsel objected to evidence offered by libellant and attempted to keep the evidence of the number of missing bags as low as feasible (see, for example, Exhibits D–1

to D–3). Libellant claimed 491 bags lost and slackage of approximately 8500 pounds, but the trial resulted in a finding of 468 bags lost. 127 pages of the trial transcript concerned the principal action. Appellee's evidence, some of which was in defense of the principal action as stated above, covers 33 pages of the transcript and appellant's evidence is contained on 37 such pages.

■ The general rule, as usually stated, is that counsel fees and expenses incurred by an indemnitee in defense of a law suit can be recovered from the indemnitor if the defense is against the liability indemnified against or if the fees and expenses arise as part of the damages for which the indemnity is granted. 27 Am.Jur., Indemnity, § 27; 42 C.J.S. Indemnity §§ 13d and 24; Ellerman Lines, Ltd. v. Atlantic & Gulf Stevedores, Inc., 339 F.2d 673, 674 (3rd Cir. 1964), cert. den. 382 U.S. 812, 86 S.Ct. 23, 15 L.Ed.2d 60 (1965); United States Lines Company v. E. J. Lavino & Company, 198 F.Supp. 483, 488 (E.D. Pa.1961), aff'd, sub nom. Rogers v. United States Lines Company, 303 F.2d 295 (3rd Cir.), cert. den. 371 U.S. 876, 83 S.Ct. 148, 9 L.Ed.2d 114 (1962); Frommeyer v. L. & R. Construction Co., 261 F.2d 879, 881, 69 A.L.R.2d 1040 (3rd Cir. 1958).

The federal maritime cases consistently apply the foregoing rule to grant recovery to the indemnitee-carrier against the indemnitor-stevedoring company for counsel fees and expenses, at least insofar as they are incident to its defense of the principal action. E. g., Ellerman Lines, Ltd. v. Atlantic & Gulf Stevedores, Inc., supra; Shannon v. United States, 235 F.2d 457 (2nd Cir. 1956); DeGioia v. United States Lines Company, 304

---

dling of the shipment by persons other than the impleaded respondent." thereby raising personal defenses against the indemnitee but not demanding proof of the number of bags loaded in Africa, which it now claims appellee should have produced. Similarly, no affirmative defenses based on clauses in the bill of lading were included in appellant's Answer

to the Libel, so that no evidence on the possible application of Clause 15 was produced at the trial. Also, see 46 U.S.C. § 190 and David Crystal, Inc. v. Cunard Steam-ship Co., supra, 339 F.2d at 297–300; Caterpillar Overseas S. A. v. S. S. Expeditor, 318 F.2d 720 (2nd Cir.), cert. den. 375 U.S. 942, 84 S.Ct. 347, 11 L.Ed. 2d 272 (1963).

F.2d 421 (2nd Cir. 1962); Nicroli v. Den Norske Afrika-og Australielinie, etc., 332 F.2d 651 (2nd Cir. 1964); Massa v. C. A. Venezuelan Navigacion, 332 F.2d 779 (2nd Cir.), cert. den. 379 U.S. 914, 85 S.Ct. 262, 13 L.Ed.2d 186 (1964).

The admiralty cases make clear that the carrier-indemnitee is entitled to his expenses, including counsel fees, in defending the principal action particularly where an impleaded respondent invokes personal defenses against him, challenging his right of indemnity as was done in this case.

See, for example, Crystal case, supra, at 300. Since, as noted above, at least some of appellee's legal activities were in defense of the primary claim against it and were not directed against, but for the benefit of, the appellant-indemnitor, appellee is entitled to the award of its counsel fees and expenses incurred in such defense of the primary claim. Since counsel for both parties have, by their petitions for rehearing, made it clear of record that the above mentioned concessions as to the amount of counsel fees ($2134.40) included solely those fees allocable to appellee's defense of the primary claim, the judgment appealed from in No. 17110, as well as that appealed in No. 17085, will be affirmed.