Archie MILLER

v.

A/B SVENSKA AMERIKA LINIEN, Appellant,

v.

J. A. McCARTHY, INC. (3rd Party Defendant).

No. 19332.

United States Court of Appeals, Third Circuit.

Argued Sept. 30, 1971.

Decided Nov. 22, 1971.

E. Alfred Smith, Krusen, Evans, & Byrne, Philadelphia, Pa. (Timothy J. Mahoney, Philadelphia, Pa., on the brief), for appellant.

Frank C. Bender, Kelly, Deasey & Scanlan, Philadelphia, Pa. (William C. Foster, Philadelphia, Pa., on the brief), for appellee J. A. McCarthy, Inc.

Gerald D. Garfinkle, Fine, Staud, Silverman & Grossman, Philadelphia, Pa., for appellee Archie Miller.

Before SEITZ, Chief Judge, HASTIE, Circuit Judge; and HERMAN, District Judge.

## OPINION OF THE COURT

HASTIE, Circuit Judge.

This is an action by a longshoreman against a shipowner for injuries suffered by the plaintiff while on a pier and engaged in moving cargo immediately after it had been unloaded from the defendant's ship. The shipowner enlarged the controversy by adding a third party claim against plaintiff's employer, a stevedoring company that had contracted with the shipowner to unload the vessel.

The complaint alleged that plaintiff's injury had been caused both by the negligence of the defendant and by the unseaworthiness of an appurtenance of the ship. The shipowner claimed indemnity, including expenses of litigation, as against the stevedore, alleging that the plaintiff's claim had resulted from the stevedore's breach of its obligation to render workmanlike service.

A jury trial resulted in recovery on both the claim and the third party claim, except that the court did not include expenses of litigation in the third party award. The jury also found in response to a special interrogatory that the conduct of the stevedore was a "substantial factor" in, but not "the sole cause" of the accident in question. The shipowner has appealed from the primary recovery and from so much of the judgment on the third party claim as disallowed its claim to be indemnified for costs and attorneys' fees. The stevedore has appealed from the judgment that it indemnify the shipowner for the amount of the longshoreman's primary recovery.

Since the jury found generally for the plaintiff, we must consider whether the evidence warranted recovery based either upon negligence or upon unseaworthiness.

There is not significant dispute in the record concerning the relevant facts. On the morning in question, the longshoremen employed by the stevedore brought a bucket of water from the pier and placed it in the hold of the ship to provide drinking water while they were unloading cargo. There is evidence that it is customary to place one such source of water in the hold and a second on the pier. The buckets are property of the stevedore. The bucket in question leaked. Therefore, somewhat later during the morning, the longshoremen removed it from the hold and set it aside out of use on the pier near a doorway that provided passage between the uncovered seaside apron of the pier and the adjoining covered area of the pier in which cargo was stored temporarily after landing.

A short time later, the plaintiff, while on the pier and engaged in removing a landed bale by hand truck from the apron to the covered storage area, slipped near the doorway and fell, sustaining the injury for which recovery is now sought. It is undisputed that the bucket in question had continued to leak as it stood out of use near the doorway and there is evidence that the plaintiff fell because the puddle caused by the leak had created a slippery area on the concrete surface of the pier. During this course of events, members of the crew were on the ship.

The only arguable theory of negligence on the part of the ship is that the crew in the exercise of due care should have discovered the leaking bucket and caused it either to be emptied or removed to a place where the leakage would not have endangered longshoremen working in the landing area.

While the record is not precise as to intervals of time, it does appear that all events outlined above occurred during the morning working period. The entire handling of the bucket was by longshoremen and there is no evidence whatever that any member of the crew had knowledge of the spillage of

water. Moreover, there is no factual basis for finding a blameworthy failure to discover that condition. There is undisputed testimony that the accident occurred "a matter of minutes" after the bucket had been set aside out of use near the doorway. In these circumstances, the record does not support any finding that in the exercise of due care the crewmen on the ship would have discovered and corrected the dangerous condition created by the longshoremen on the pier. *Cf.* Hines v. Bristol City Line, Ltd., 3d Cir. 1970, 422 F.2d 668. Thus, any finding of negligence by the ship or its crew was not warranted on this record.

■ Any finding of unseaworthiness would necessarily have been predicated upon a theory that the stevedore's leaking bucket was an appurtenance of the ship. Mitchell v. Trawler Racer, Inc., 1960, 362 U.S. 539, 80 S.Ct. 926, 4 L. Ed.2d 941. It is arguable that the bucket was an appurtenance while on the ship providing a facility needed in the course of unloading. But the harm causing leakage occurred after the bucket had been removed both from the ship and from use by the men who were handling the cargo. Thus, if for a short time the bucket was an appurtenance of the ship,[1] it had lost that character before the harm causing leakage occurred. Cf. Daniel v. Skibs A/S Hilda Knudsen, E.D.Pa.1966, 253 F.Supp. 758, aff'd per curiam 368 F.2d 178, cert. denied 386 U.S. 990, 87 S.Ct. 1304, 18 L.Ed.2d 335; Gebhard v. Hawaiian Legislator, 1968, 284 F.Supp. 634. Drumgold v. Plovba, E.D.Va.1966, 260 F.Supp. 983. See also DiPaolo v. International Terminal Operating Co., Inc., S.D.N.Y.1968, 294 F.Supp. 736, rev'd on other grounds 418 F.2d 906. In these circumstances, an essential basis for a finding of unseaworthiness was lacking.

We conclude, therefore, that the evidence did not warrant finding that the plaintiff's injury was caused either by any unseaworthiness of the ship or by any negligence of its crew.

■ It remains to consider whether the stevedore is liable for costs and attorneys' fees incurred by the shipowner in defending this suit. On this record the only harm causing wrong was the conduct of the stevedore's employees in placing and leaving a leaking water bucket dangerously near to the area through which they or their fellow workmen had occasion to walk as they landed and moved cargo. Thus, contrary to the jury's finding in answer to the special interrogatory, on the present record the conduct of the stevedore was the sole responsible cause of the accident and of the suit to which the shipowner has been subjected.[2] Thus, this case comes squarely within our ruling in Ellerman Lines, Ltd., v. Atlantic & Gulf Stevedores, 3d Cir. 1964, 339 F.2d 673, cert. denied, 382 U.S. 812, 86 S.Ct. 23, 15 L.Ed.2d 60, that "[i]f conduct of * * * [stevedore] in violation of its warranty to * * * [shipowner] was the sole responsible cause of [longshoreman's] injury, * * * the expense to which [shipowner] is subjected in defending * * * [longshoreman's] suit against it to recover for that injury is an element of damage caused by the * * * [stevedore's] breach of warranty, even if * * * [shipowner] succeeds in defeating * * * [longshoreman's] claim." Accordingly, the shipowner must prevail on its appeal both from the imposition of primary liability and from the denial of indemnity for its expenses incurred in contesting the longshoreman's claim.

1. See our discussion of this problem in Spann v. Lauritzen, 3d Cir. 1965, 344 F.2d 204, 207–208.

2. We do not reach the question of indemnifying stevedore's liability for the shipowner's litigation expenses where stevedore and shipowner shared responsibility for longshoreman's injury, a situation considered in Gilchrist v. Mitsui Sempaku K.K., 3d Cir. 1968, 405 F.2d 763, cert. denied, Jarka Corp. v. Mitsui Sempaku K.K., 394 U.S. 920, 89 S.Ct. 1195, 22 L.Ed.2d 453.

The judgment will be reversed and the cause remanded for the entry of judgment consistent with this opinion, denying the primary claim and allowing the third party claim for attorneys' fees and costs.