Norman **BURRIS**

v.

**GLOBAL BULK CARRIERS, INC.,**
Appellant,

v.

**LAVINO SHIPPING COMPANY,** Third-Party-Defendant.

No. 74-1120.

United States Court of Appeals,
Third Circuit.

Argued Sept. 18, 1974.

Decided Oct. 30, 1974.

**1174**

John T. Biezup, and Carl D. Bucholz, 3d, Rawle & Henderson, Philadelphia, Pa., for appellant.

John P. Penders, Marshall, Dennehey, & Warner, P.A., Philadelphia, Pa., for Lavino Shipping Co., appellee.

Before VAN DUSEN, HUNTER and WEIS, Circuit Judges.

## OPINION OF THE COURT

VAN DUSEN, Circuit Judge.

This is an appeal by the third-party plaintiff, Global Bulk Carriers, Inc., from a November 19, 1973, judgment in the United States District Court for the Eastern District of Pennsylvania in favor of the third-party defendant, Lavino Shipping Company. On August 4, 1972, a longshoreman, Norman Burris, filed suit against Global for injuries sustained in an accident aboard a ship owned by Global. Global joined Lavino, the stevedoring concern which was the employer of Burris at the time of his accident, as a third-party defendant, claiming, *inter alia*, counsel fees and litigation expenses. Prior to trial Lavino and Burris settled; pursuant to their agreement, Burris' suit against Global was dismissed with prejudice. There remained Global's indemnification claim against Lavino for counsel fees and other litigation expenses incurred by Global. This action went to trial on November 19, 1973, before Judge Luongo, sitting without a jury. Judge Luongo found that Lavino had breached its warranty of workmanlike service when it brought on board the vessel faulty forklift trucks which emitted oil, but he also found that the unevenness in the stow over which the trucks operated in unloading the ship had contributed to the accident. N.T. 31–32. Because Global had failed to establish by a preponderance of the evidence that Lavino's breach of contract was the sole cause of Burris' injury, the court entered judgment for the third-party defendant Lavino, relying on Gilchrist v. Mitsui Sempaku K. K., 405 F.2d 763 (3d Cir. 1968). From this judgment Global now appeals.

This appeal presents the narrow question of the circumstances under which a stevedore is liable to a shipowner for the latter's litigation expenses in defending a suit brought by an employee of the stevedore for injuries sustained while working onboard the shipowner's vessel. In Ryan Stevedoring Co. v. Pan-Atlantic S. S. Corp., 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956), the Supreme Court held that a shipowner can recover indemnification from a stevedore even where, as in the case before us, the shipowner's failure to correct hazards in the stow may have been partly responsible for the longshoreman's injury.[1] 350 U. S. at 134–135, 76 S.Ct. 232. *Accord*, Italia Soc. per Azioni di Navigazione v. Oregon Stevedoring Co., 376 U.S. 315, 321, 84 S.Ct. 748, 11 L.Ed.2d 732 (1964); Humble Oil & Refining Co. v. Philadelphia Ship Maintenance Co., 444 F.2d 727, 731 (3d Cir. 1971); Gilchrist v. Mitsui Sempaku K. K., 405 F.2d 763, 767 (3d Cir. 1968). The *Ryan* decision was an effort to alleviate the shipown-

---

1. The primary significance of the *Ryan* case was its holding that the shipowner's indemnification action lies in contract, so that it is not barred by § 5 of the Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1426, as amended, 33 U.S.C. § 905(a). See *Ryan, supra*, 350 U.S. at 128–132, 76 S. Ct. 232.

er's absolute liability under the unseaworthiness doctrine, see Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099 (1946), in situations where the shipowner has relinquished control of some operations on the vessel to the stevedore. See Italia Societa v. Oregon Stevedoring Co., *supra*, 376 U.S. at 323 n. 10, 84 S.Ct. 748; Hobart v. Sohio Petroleum Co., 445 F.2d 435, 438 (5th Cir.), cert. denied, 404 U.S. 942, 92 S.Ct. 288, 30 L.Ed.2d 256 (1971). While the unseaworthiness doctrine tends to ensure seamen and longshoremen recovery for their injuries, see *Seas Shipping, supra*, 328 U.S. at 93–95, 66 S.Ct. 872, it also places the loss on the party least able to police the risk of injury during the time that the longshoremen are on board. By allowing the shipowner to recover indemnification from the stevedore, the *Ryan* doctrine reallocates some of the loss to the stevedore, who, as the longshoreman's employer and the person in immediate control of loading and unloading operations, is in a better position to minimize the risk. See *Italia Societa, supra; Hobart, supra.*

The Supreme Court has never been called upon to decide whether litigation expenses incurred by a shipowner in defending a suit brought by a longshoreman are included in the damages recoverable under *Ryan*. However, the *Ryan* Court did cite Restatement of Contracts, § 334, in its analysis of the contract between shipowner and stevedore. See *Ryan, supra*, 350 U.S. at 129 n. 3, 76 S.Ct. 232. Section 334 provides as follows:

> "If a breach of contract is the cause of litigation between the plaintiff and third parties that the defendant had reason to foresee when the contract was made, the plaintiff's reasonable expenditures in such litigation are included in estimating his damages."

It thus appears that in creating the shipowner's right to sue for indemnification, the Court contemplated that the shipowner's litigation expenses would be part of the damages. This view is consistent with the ordinary law of indemnification, see A. C. Israel Commodity Co. v. American West African Line, Inc., 397 F.2d 170, 172 (3d Cir.), cert. denied, 393 U.S. 978, 89 S.Ct. 446, 21 L.Ed.2d 439 (1968), and has been adopted repeatedly in decisions of this court and other circuits subsequent to *Ryan*. See Guarracino v. Luckenbach Steamship Co., 333 F.2d 646, 648 (2d Cir.), cert. denied, 379 U.S. 946, 85 S.Ct. 439, 13 L. Ed.2d 543 (1964); Brown v. San Alberto CIA Armadora S.A., 305 F.2d 602, 603 (3d Cir. 1962); Rogers v. United States Lines Co., 303 F.2d 295, 298–299 (3d Cir.), cert. denied, 371 U.S. 876, 83 S.Ct. 148, 9 L.Ed.2d 114 (1962); Paliaga v. Luckenbach Steamship Co., 301 F. 2d 403, 407–411 (2d Cir. 1962). See also H. Baer, Admiralty Law of the Supreme Court, § 8–4 (1969).

Contrary to the approach of the foregoing cases, the appellee relies on language in Gilchrist v. Mitsui Sempaku K. K., *supra*, where this court stated that the shipowner's counsel fees should be indemnified only if the stevedore's breach of contract is the sole responsible cause of the longshoreman's injury. See *Gilchrist, supra*, 405 F.2d at 769.[2] For this proposition, the *Gilchrist* court relied on dicta in Ellerman Lines, Ltd. v. Atlantic & Gulf Stevedores, Inc., 339 F. 2d 673 (3d Cir. 1964), cert. denied, 382 U.S. 812, 86 S.Ct. 23, 15 L.Ed.2d 60 (1965). In *Ellerman*, the shipowner had alleged that the stevedore's breach of warranty was the sole responsible cause of the longshoreman's injury and the court observed in passing that, if this allegation were true, the shipowner would be able to recover its litigation expenses as part of the damages in its indemnification action against the stevedore. *Id.* at 674. This was not a holding that the shipowner could not recover its litigation expenses if the stevedore's breach were not the sole cause of the injury, and the *Ellerman* court cited with approval the *Guarracino* and *Brown* cas-

---

2. See note 3 below.

*es, supra*, in which the courts had held that litigation expenses are a part of the damages in a shipowner's indemnification action without requiring the stevedore's breach to be the sole responsible cause of the longshoreman's injury.

The *Gilchrist* court was undoubtedly motivated by the extraordinary circumstances of that case. In *Gilchrist*, the shipowner had failed to introduce at trial evidence regarding the amount of its counsel fees. In a post-trial memorandum, the shipowner requested that "the judgment be formed to include the shipowner's counsel fees and expenses in defending the principal action." *Gilchrist, supra*, 405 F.2d at 768. Although this request was not granted, the district court reserved the question of the shipowner's right to counsel fees and, over a year after the entry of judgment, informed counsel that if they could not agree on the amount of counsel fees, the issue would be brought to trial before a jury. *Id.*, 405 F.2d at 768–769. The case thus raised difficult questions concerning *res judicata* and the power of the district court to grant a separate

trial on its own motion more than ten days after the entry of judgment. See F.R.Civ.P. 59. The *Gilchrist* court admitted that, by adopting the language in *Ellerman*, it would be able to avoid these difficult issues.[3] *Id.*, 405 F.2d at 769.

The only cases which have followed *Gilchrist* have similarly involved exceptional circumstances which required the courts to create an "equitable modification of the normal rule of indemnification." Farrell Lines, Inc. v. Carolina Shipping Co., Nos. 73–2079/80, slip opinion at 9 (4th Cir., June 7, 1974). Farrell involved a "unique"[4] factual situation in which the shipowner sued the stevedore who loaded the ship for the liability and litigation expense the shipowner had incurred as the result of injuries suffered by the employee of the stevedore who unloaded the ship. In this situation, the court of appeals found that it had not been error for the district court to deny the shipowner recovery from the loading stevedore of the litigation expenses it incurred in an earlier action involving the shipowner, the longshoreman, and the

---

3. The pertinent language in *Gilchrist, supra*, 405 F.2d at 769, is:

"In the case of Ellerman Lines, Ltd. v. Atlantic & Gulf Stevedores, Inc., 339 F.2d 673, Judge Hastie, now Chief Judge of this Court, said at p. 674: 'If conduct of [the stevedoring company] in violation of its warranty to [the shipowner] was the *sole* responsible cause of [the longshoreman's] injury, as the libel alleges, the expense to which [the shipowner] is subjected in defending [the longshoreman's] suit against it to recover for that injury is an element of damages caused by the [stevedoring company's] breach of warranty, even if [the shipowner] succeeds in defeating [the longshoreman's] claim.' (Cited cases omitted and emphasis added.) There has been no showing in the actions here involved that the conduct of the stevedoring company was the sole responsible cause of the plaintiff-longshoreman's injury. Therefore, the shipowner was not entitled to recover the expenses to which it was subjected in defending the plaintiff-longshoreman's action against it from the stevedoring company. Hence we need not determine whether the verdict was res adjudicata on the defending expense issue and whether the district court had the

power to sever that issue and grant a separate jury trial on its own motion, and even though it did have such power in this action, whether it had to be exercised within ten days from the entry of judgment on the verdict."

This holding was never appealed to the Supreme Court. The stevedore filed a petition for writ of certiorari, but since it had prevailed on the counsel fee issue it did not include that issue in its petition. The questions presented by the petition for writ of certiorari appear in the joint appendix filed in this action at 48a. The Supreme Court denied the petition. Jarka Corp. v. Mitsui Sempaku K. K., 394 U.S. 920, 89 S.Ct. 1195, 22 L.Ed.2d 453 (1969). It is noted that Judge Hastie wrote the opinion in Miller v. A/B Svenska Amerika Linien, 454 F.2d 1094 (3d Cir. 1971), where the court pointed out at note 2, p. 1096:

"We do not reach the question of indemnifying stevedore's liability for the shipowner's litigation expenses where stevedore and shipowner shared responsibility for longshoreman's injury, a situation considered in *Gilchrist* . . . ."

4. See *Farrell, supra* at p. 9 of slip opinion.

unloading stevedore.[5] Similarly, in Humble Oil & Refining Co. v. Philadelphia Ship Maintenance Co., 444 F.2d 727 (3d Cir. 1971), where this court directed the district court's attention to the Gilchrist holding for purposes of remand (id., 405 F.2d at 737, n. 19), the principal suit by the longshoreman against the shipowner was not consolidated with the indemnification action of the shipowner against the stevedore. To reach its conclusion that the jury verdict in the principal action did not bind the stevedore in the subsequent indemnification action, the court found that the stevedore's refusal of the shipowner's tender of defense in the principal action did not collaterally estop the stevedore from relitigating, in the subsequent indemnification action, the original jury's findings. Id. at 735. In view of this holding, there was no reason to require the stevedore to pay the shipowner's costs in defending the principal action.[6]

Since the district court did not include in its findings any similarly extenuating circumstances in the instant case, we find that the normal rule of indemnification, stated by this court in Rogers and Brown, supra, should be applied to the facts on which the district court reached its judgment.[7] In reaching this decision, we are not unmindful of Lavino's argument that Gilchrist represents a general relaxation of the strictness of the Ryan doctrine. It must be noted, however, that in Humble Oil, supra, 444 F.2d at p. 731, Judge Aldisert carefully described the limitations inherent in the Ryan doctrine:

> "In Weyerhaeuser S.S. Co. v. Nacirema Operating Co., 355 U.S. 563, 78 S.Ct. 438, 2 L.Ed.2d 491 (1958), the Supreme Court, again faced with facts indicating that the stevedore was substantially responsible for a longshoreman's injuries, reaffirmed the shipowner's right to indemnification created in Ryan, but not without reservation: 'If [the stevedore] rendered a substandard performance which led to foreseeable liability of [the shipowner], the latter was entitled to indemnity *absent conduct on its part sufficient to preclude recovery.*' Id. at 567, 78 S.Ct. at 441 (emphasis supplied)."

The court in Humble Oil remanded to determine "whether the shipowner's breach of his absolute duty to furnish a safe and seaworthy vessel so prevented or hindered the stevedore from complet-

---

5. Although the court in Farrell based its decision on the ground that the loading stevedore was not solely responsible for the longshoreman's injuries. Farrell, supra at p. 9 of slip opinion, the result might also be explained on the ground that the loading stevedore was entitled to contribution from the vessel as a joint tortfeasor. Cf. Cooper Stevedoring Co. v. Fritz Kopke, Inc., 417 U.S. 106, 94 S.Ct. 2174, 40 L.Ed.2d 694 (1974).

6. The last sentence of the last footnote in Humble is not controlling, both because it refers to "costs," rather than litigation expenses, and because further proceedings on remand were necessary to determine the controlling facts. Furthermore, in Miller v. A/B Svenska Amerika Linien, 454 F.2d 1094 (3d Cir. 1971), decided after Humble, this court, having found that the stevedore's conduct was the sole responsible cause of the accident, id. at 1096, explicitly left undecided the continuing vitality of the Gilchrist language. Id. at 1096 n. 2 (quoted in part at note 3 above).

7. See also Paliaga v. Luckenbach Steamship Co., 301 F.2d 403 (2d Cir. 1962). The trial court's decision was based solely on its finding that Global failed to establish by a preponderance of the evidence that Lavino's breach of warranty was not the sole responsible cause of Burris' injuries. N.T. 31. Whether other aspects of the case, for example, Global's refusal to allow Lavino to undertake the defense contingent upon Global's waiver of costs and expenses prior to Lavino's undertaking the defense, N.T. 22, constitute the sort of unusual circumstances which should affect Global's indemnification, we leave to the determination of the trial court on remand. See also note 8, infra. We note in this regard that the trial judge did not prejudge the amount of counsel fees and other expenses to which Global would be entitled should this court reach a different conclusion than the trial judge on the Gilchrist issue. See N.T. 33–34.

ing its performance that the subsequent breach of warranty by the stevedore may be deemed excused." *Id.*, 444 F.2d at 733. We believe that this language of Judge Aldisert states the proper test for liability in the instant case as well. Considered in this light, the appellee is not justified in characterizing the *Ryan* doctrine and its progeny as being unduly harsh.[8]

 The appellee finally contends that the court should stay its hand because the issue raised by this case will soon be mooted by the recent amendments to the Longshoremen's and Harbor Workers' Compensation Act, Act of October 27, 1972, Pub.L. 92–576, § 18(a), 86 Stat. 1263, codified at 33 U.S.C. § 905(b), which went into effect November 26, 1972. While there can be no doubt that those amendments rationalize the relative liabilities of shipowners and stevedores by replacing maritime concepts of liability with "a new cause of action for negligence in which a shipowner is not to be held liable as a third party unless the former's negligence was such as would render a land-based third party in non-maritime pursuits liable under similar circumstances," Vickery, Some Impacts of the 1972 Amendments to the Longshoremen's & Harbor Workers' Compensation Act, Insurance Counsel Journal, January 1974, at 63, 64, these amendments do not apply to the instant case,[9] and cannot be used to justify an inconsistent interpretation of the settled law of indemnification under *Ryan*, which does apply to the instant case. Since we do not believe that the facts before us justify application of the *Gilchrist* "sole responsibility" test, the

district court judgment will be reversed.[10]

The November 19, 1973, judgment will be reversed and the cause remanded for proceedings consistent with this opinion. Costs to be taxed against the appellee.

JAMES HUNTER, III, Circuit Judge (concurring):

I agree with the majority opinion insofar as it reverses the judgment of the district court and remands for consideration of whether, under *Ryan* and *Weyerhaeuser*, Global's conduct might have been such as to preclude recovery in this action. However, rather than try to limit *Gilchrist* to its facts, I would prefer to have this Circuit call an *en banc* hearing to reconsider its validity. I believe that the "sole responsible cause" test adopted by *Gilchrist* is contrary to general principles of indemnity, which permit indemnification for the full loss suffered by the indemnitee. Where the indemnitor's breach has caused the indemnitee to incur reasonable costs and legal expenses in connection with the defense of the principal action, those costs and expenses are recoverable as part of the loss suffered by the indemnitee. This general principle is explicitly adopted in section 334 of the Restatement of Contracts, cited by the Supreme Court in *Ryan*, and had been recognized in several other decisions of this Circuit. See *A. C. Israel, supra; Brown, supra; Rogers, supra.*

Nowhere do any of these authorities carve out a special rule for legal fees and expenses where the fault between the indemnitor and indemnitee is mutually shared, and such a rule is hard to

---

8. A further limitation on the *Ryan* doctrine is the principle that the shipowner is entitled to recover only the litigation expenses incurred in defending the action brought by the longshoreman, but not the expenses incurred in prosecuting his indemnification action against the stevedore. See Rogers v. United States Lines Co., 303 F.2d 295, 299 (3d Cir. 1962) ; H. Baer, Admiralty Law of the Supreme Court, § 8–4 (1969).

9. The accident which gave rise to this action occurred in May of 1972, N.T. 2; the effective date of the amendments was November 26, 1972. Act of Oct. 27, 1972, Pub.L. 92–576, § 22, 86 Stat. 1265.

10. We note that the district court understandably considered that it was "bound" (N.T. 32) by the language used in *Gilchrist, supra*, which we now hold must be limited to the facts presented by that case.

accept logically. So long as the relative faults are such that the shipowner-indemnitee can still recover the full amount of any judgment paid over to the injured longshoreman,[1] there is no reason why he should not be entitled to recover counsel fees and expenses incurred in defending against the principal action, since the incurring of such costs and expenses is a foreseeable result of the stevedore's breach. This rule does not seem unduly harsh, because the shipowner must still prove that the stevedore breached its warranty of workmanlike performance and that the breach was the proximate cause of the longshoreman's injury. *Gilchrist* is thus contrary to general principles of indemnity and to cases from other circuits which awarded counsel fees and expenses despite specific findings of negligence on the part of the shipowner. See, e. g., Guidry v. Texaco, Inc., 430 F.2d 781 (5th Cir. 1970); Nicroli v. den Norske Afrika Og Australielinie, 332 F.2d 651 (2d Cir. 1964); De Gioia v. United States Lines Co., 304 F.2d 421 (2d Cir. 1962). Furthermore, the precedential value of *Gilchrist* is somewhat weakened by the fact that, as the majority notes, it adopted the "sole responsible cause" test by relying on dicta in the *Ellerman* case in which the latter court was merely repeating an allegation made in the pleadings.

I agree with the majority that there may be unusual circumstances which would justify the denial of attorney's fees and expenses despite the right to recover indemnity proper. However, for such circumstances to create "an equitable modification of the normal rule of indemnification," it would appear necessary that those circumstances be such as to require modification so as to prevent undue hardship to one of the parties. I

agree that *Farrell, supra*, might well be such a case, since it involved two stevedores, both of whom, along with the shipowner, had been found partially negligent. I do not see how the facts in *Gilchrist* required such a modification, as there was no logical nexus between the unusual circumstances present in that case and any harshness that might result from application of the general rule of indemnification. As the majority notes, the court in *Gilchrist* applied the "sole responsible cause" test in part to avoid resolving the difficult issues of *res judicata* and the trial court's grant of a separate trial. While these unusual circumstances may have motivated the *Gilchrist* court in reaching its decision, I do not see how they would justify a departure from or a modification of the established law of indemnity. In short, I am concerned that today's decision does not offer a clear framework as to what kinds of circumstances would justify "an equitable modification of the normal rule of indemnification."

I concur in the majority's disposition of this case, however, since it reverses the district court judgment and since I agree that the district court should consider on remand whether Global's conduct might constitute such unusual circumstances as to affect its right of indemnification. See note 7 *supra*. While I disagree with the majority's distinguishing of *Gilchrist*, I believe that any uncertainty that the majority's opinion may create for other litigants is minimal in light of the recent amendments to the Longshoremen's and Harbor Workers' Compensation Act. Those amendments seem to have mooted the issues raised by this case for accidents occurring after November 26, 1972, by prohibiting shipowner indemnity actions against stevedore/employers.

1. While the Supreme Court in *Weyerhaeuser* held that fault on the part of the shipowner does not necessarily preclude recovery of indemnity from the stevedore, it recognized that conduct by the shipowner may nevertheless be such as to preclude recovery. *Weyerhaeuser, supra*, 355 U.S. at 567, 78 S. Ct. 438.