IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 95-40659
Summary Calendar

THOMAS EDWARD RODRIGUEZ

Plaintiff - Appellant

v.

JACKIE W COLEMAN; EDWARD E SIMON; RONNIE D GATEWOOD; HAROLD
W GARROW

Defendants - Appellees

_____

Appeal from the United States District Court
for the Eastern District of Texas
(6:94-CV-768)
_____

July 9, 1996

Before KING, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:*

     Thomas Edward Rodriguez appeals the district court's

judgment in favor of the defendants in his civil rights complaint

under 42 U.S.C. § 1983.  Rodriguez's complaint alleged that four

corrections officers conspired to retaliate against him for a

prior grievance he had filed against one of them.  On appeal,

Rodriguez raises three issues: whether the district court erred

in holding a bench trial rather than a jury trial; (2) whether

_____

     *  Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

the district court erred in denying Rodriguez's discovery requests; and (3) whether the district court erred in concluding that the defendants were entitled to qualified immunity. We address these issues in turn.

Rodriguez asserts that the district court erred in holding a bench trial because the defendants had moved for a jury trial. However, after defendants withdrew their demand for a jury trial and the district court scheduled a bench trial, Rodriguez neither requested a jury trial or objected during the bench trial to the absence of a jury. "A party who participates in the determination of the issues--without objecting and reminding the court of its jury request--is barred from later raising the issue on appeal." In re Wynn, 889 F.2d 644, 646 (5th Cir. 1989); see also Cooper v. Loper, 923 F.2d 1045, 1049 (3rd Cir. 1991) (noting general rule among courts of appeals that "participation in a bench trial without objection constitutes waiver of the jury trial right"). Because Rodriguez neither requested a jury trial or objected to the bench trial, we find that he is barred from raising this issue on appeal.

Rodriguez argues that the district court erred in denying his request for production of documents. It is well-settled that discovery matters are entrusted to the sound discretion of the district court. Richardson v. Henry, 902 F.2d 414, 417 (5th Cir. 1990), cert. denied, 498 U.S. 1069 (1991). Discovery rulings are reviewed for abuse of this discretion. United States v. Deisch, 20 F.3d 139, 154 (5th Cir. 1994). They will be reversed only

2

when they are arbitrary or clearly unreasonable.  Mayo v. Tri-Bell Indus., Inc., 787 F.2d 1007, 1012 (5th Cir. 1986).  In this case, the district court denied Rodriguez's motion for request of production as being untimely because it was filed prematurely.  The documents that Rodriguez asserts were not disclosed were his medical records, a diagram of building C-pod, and the activity sheet for the recreation and shower areas.  The medical records were introduced at trial.  Rodriguez's assertion that he needed the building diagram and the activity sheet is not adequately supported in his brief.  Nor is it shown that Rodriguez suffered any prejudice from the lack of disclosure of these documents.  We find that the district court's denial of Rodriguez's request for production of documents was not an abuse of discretion.

Rodriguez contends that the district court erred in concluding that the defendants were entitled to qualified immunity. Rodriguez's § 1983 complaint alleged that, by being deliberately indifferent to his safety, the defendants violated Rodriguez's Eighth Amendment right to protection from violence at the hands of another prisoner.  See  Farmer v. Brennan, 114 S. Ct. 1970, 1979-80 (1994).  The district court concluded that the defendants were entitled to qualified immunity because it determined that Rodriguez did not prove a constitutional violation.  See Schultea v. Wood, 27 F.3d 1112, 1115 (5th Cir. 1994) (indicating that finding "plaintiff has asserted a violation of a constitutional right" is a prerequisite to

defeating a qualified immunity defense), aff'd in part and rev'd in part on other grounds on reh'g en banc, 47 F.3d 1427 (5th Cir. 1995).  The district court reached this determination based on the testimony adduced at trial and its findings of fact derived from that testimony.  "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." Fed. R. Civ. P. 52(a).  Accordingly, "[w]hen a trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error."  Anderson v. City of Bessemer City, 470 U.S. 564, 575 (1985).  We conclude that the district court was not clearly erroneous in finding that the defendants were entitled to qualified immunity because they were not deliberately indifferent to Rodriguez's safety.

For these reasons, we AFFIRM the judgment of the district court.